May Term,
1847.

LEGATE
v.
MARR.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*D. Mace* and *A. M. Crane*, for the plaintiff.

*A. A. Hammond* and *J. H. Bradley*, for the state.

---

### LEGATE and Another *v.* MARR.

Debt against *A.*, administrator of *B.*, on a bond alleged in the declaration to have been executed by *B.* together with *C., D.*, and *E.* The bond, as appeared on *oyer*, had on its face as obligors the names of *B., C., D., E.*, and *F.* The declaration showed the bond to be joint, but it did not show that *F.* had sealed the bond or that he was living. *Held,* that the declaration was not objectionable on the ground of variance.

The failure to prosecute an appeal from a justice's judgment, in consequence of the death of the appellant, is a breach of the condition of the appeal-bond.

*Wednesday,*
*June 2.*

ERROR to the *Bartholomew* Circuit Court.

BLACKFORD, J.—This was an action of debt founded on a penal bond, alleged to have been executed to the plaintiffs in error by *James Marr*, who was the defendant's intestate, together with *Henry Dritt, George Piner*, and *Daniel B. Holtshouse.* The condition of the bond was, that said *Dritt*, who had appealed from a judgment of a justice of the peace against him in favour of said plaintiffs, should prosecute the appeal with effect, and pay the condemnation money and costs in case judgment should be rendered against him in the Circuit Court. Two breaches were assigned: 1. That *Dritt* did not prosecute his appeal with effect, but wholly failed to do so, &c.; 2. That after the transcript of the judgment mentioned in the appeal-bond was filed in the Circuit Court, and before the suit on appeal was tried, the said *Dritt* died, and the suit on appeal was thereby abated.

The defendant craved and obtained *oyer* of the bond on which the present suit was founded. The bond given on *oyer* commenced as follows: "Know all men by these presents that we *Henry Dritt, Samuel H. Steenbarger, George Piner, Daniel B. Holtshouse*, and *James Marr*, are held," &c. Plea to the first breach, that after the execution of the bond, and before the first day of the term of the Circuit Court, the appellant died, and the suit on appeal became thereby abated.

The defendant demurred to the second breach, and the plaintiffs demurred to the plea to the first breach.

The Court overruled the demurrer to the plea, sustained the demurrer to the second breach, and gave judgment for the defendant.

In support of the judgment, the defendant contends, 1. That the name of *Steenbarger*, which appeared in the bond given on *oyer*, did not appear in the bond described in the declaration; and that therefore the declaration was bad on demurrer on account of the variance; 2. That the decease of the appellant, and the consequent abatement of the suit on appeal, did not show a breach of the condition of the bond.

The first point is clearly against the defendant. The declaration was not objectionable on account of the alleged variance. The declaration shows that the bond was joint, but it does not show that *Steenbarger* sealed the bond or that he was living. If *Steenbarger* sealed the bond and was alive, the defendant might have pleaded the non-joinder in abatement; but he could not, in this case, demur to the declaration. *Cabell* v. *Vaughan*, 1 Saund. 291, and note.—*Wilson* v. *The State*, 6 Blackf. 212.

On the other point the defendant must also fail. The condition of the bond was, that the appeal should be prosecuted with effect; that is, that it should be successfully prosecuted. It has not been so prosecuted; and the failure so to prosecute it was not owing to any fault on the part of the obligees.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*F. M. Finch*, for the plaintiffs.

*W. Herod* and *L. F. Coppersmith*, for the defendant.