## WILSON and GLEASON *v.* SAMUEL CHURCHMAN.

*Where a judgment of the Supreme Court, after recognizing the plaintiff's right to recover, remands the cause for the purpose of fixing definitely the amount, it is not such a final judgment as renders the security on the appeal bond liable.*

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Elmore* and *King*, for plaintiffs.   *E. A. Bradford* and *E. L. Goold*, for defendants.   The judgment of the court was pronounced by

EUSTIS, C. J.   This is an appeal taken by the sureties from a judgment on an appeal bond given by *George Gilchrist*, as principal, and the appellants as his sureties, in the Court of the Fourth District of New Orleans, on the 9th day of May, 1848.   It recites, that *Gilchrist* had on that day taken an appeal from a certain final judgment rendered against him in the suit of *Wilson* and *Gleason* v. *Churchman*.   The condition of the bond is, that if *Gilchrist* shall prosecute his appeal, and satisfy whatever judgment may be rendered against him, or that the same shall be satisfied by the proceeds of the sale of his estate, real or personal, if he be cast in the appeal; otherwise, that the sureties shall be liable in his place.

In January, 1848, a quantity of flour was seized under a writ of sequestration against *Churchman*, at the suit of the plaintiffs, on board of a ship commanded by *Gilchrist*, bound for Philadelphia, for which port it had been shipped by *Churchman*.   *Gilchrist* bonded the flour and retained it on board.   He made himself a party to the suit by way of third opposition, alleging his obligations as a common carrier to deliver the flour to its consignee at Philadelphia, the bill of lading having been forwarded to the consignee before the service of the sequestration.   On the 28th of April, 1848, the opposition of *Gilchrist* was dismissed ; and from the judgment dismissing the opposition he took an appeal and gave the bond sued upon.   On the appeal, this judgment was affirmed, but the sequestration was set aside at the plaintiffs' costs, and the case was remanded for the sole purpose of ascertaining the value of the flour sequestered, and of rendering judgment for such value in favor of plaintiffs against *Gilchrist*, &c.   *Wilson* v. *Churchman*, 4th Ann. 456.   The cause being remanded, judgment was rendered against *Gilchrist* for the sum of $3300 with interest, on the 13th of March, 1850.   On a return of *nulla bona* to an execution issued on this judgment, the sureties on the appeal bond were condemned to pay the amount of the judgment; and from this judgment against them have taken this appeal.

The only question before the court is, whether the decree of this court is such a judgment against *Gilchrist* as authorized the judgment rendered by the district court against the appellants on the appeal bond. The case is so presented by the counsel for the appellees, and all matters touching the responsibility of *Gilchrist* are foreign to it. The case presents a question of law, and nothing else.

The judgment of this court affirmed that of the district court dismissing the opposition of *Gilchrist;* it set aside the sequestration, and remanded the cause for the purpose of the plaintiffs having judgment in the court of the first instance for the value of the flour, to be ascertained by evidence to be administered, subject to credit for such portion of the price of the flour as the said plaintiffs may have received from *Churchman*.

Had there been any precedent of sureties on an appeal bond being held liable except on a final judgment of the appellate court, either under our system or that of the English or American courts, the diligence of counsel would have furnished it to us. We have been able to find none. At the same time, decrees of our appellate court, final as to some things, and referred for determination of others to the court of the first instance, are of frequent occurrence in courts of chancery and in our courts. In the recovery of successions in suits for land, the title is often established by a decree, and the case remanded to ascertain and liquidate the amount due, or allowed for improvements, rents, &c. Cases are often remanded for the more correct ascertainment of damages. We know of no instance in which sureties on an appeal bond have been held liable except on the judgment of the court of the appeal.

. The article 575 of the Code of Practice, providing for an appeal bond staying execution, evidently looks to the responsibility attaching in a definitive judgment on the appeal, and seems to us to exclude the idea of the surety binding himself to abide by the action of any court other than that of the court to which the appeal is taken. The same sense, we think, prevails in the article 579.

The article 595, in establishing the mode of recourse against the surety on the appeal bond, pre-supposes that, on the execution of the judgment of the appellate court, sufficient property of the appellant is not to be had.

But there is another objection to the plaintiffs' recovery. The decree of the Supreme Court, on the appeal of *Gilchrist*, is not final, but of that class of decrees known as interlocutory, in contradistinction to final decrees. It directs the allowance of whatever sum *Churchman* may have paid the plaintiffs on account of the flour. There may be nothing due the plaintiffs after the allowance of this credit, or the sum may be so small as to be classed among those things of which the law takes no heed.

This judgment wants the essential requisite of a final judgment. It wants certainty. *Sententia debet esse certa.* If what is due and to be recovered is not explained in the judgment, or in some act referred to, the judgment is in no sense final. Pothier on Obligations, *de re judicata*, § 866.

The judgment of the district court is therefore reversed, and judgment rendered for the appellants, with costs in both courts; reserving to the plaintiffs the right to collect from the said sureties on the appeal bond the costs of the opposition of *Gilchrist* incurred in the district court.