RICHARD H. SESSIONS, DANIEL H. SESSIONS, AND SANDFORD C. FAULKNER, APPELLANTS, *v.* JOHN M. PINTARD.

Where there was a decree in the court below for the payment of a certain sum of money, (land being held as security,) from which decree an appeal was taken, the sureties upon the appeal bond are not entitled to a *pro rata* credit upon their responsibility, the land having proved insufficient to pay the amount of the decree. The entire proceeds of the sale of the land must be deducted from the amount of the decree, and the sureties upon the appeal bond must be responsible for the balance.

THIS was an appeal from the circuit court of the United States for the eastern district of Arkansas.

It was a sequel to the case of Goodloe's Administrator *v.* Pintard, decided in this court and reported in 12 How. 24. The subsequent proceedings are stated in the opinion of the court.

It was submitted on printed argument by *Mr. Pike*, for the plaintiffs in error, and argued by *Mr. Carlisle* and *Mr. Crittenden*, for the defendants.

*Mr. Pike* stated the question which arose in the case in this way:—

The question in the case may be very briefly stated thus: Where, in a suit to enforce a lien on land for the purchase-money due the vendor, there is a decree ascertaining the amount due by the vendee, and recognizing the lien, and ordering payment or sale of the land, and, on appeal from this decree, sureties enter into a bond conditioned to prosecute the appeal with effect and make good all damages and costs, how far does the land stand as *their* security? If, when it is sold, the amount decreed, with interest, is more than the penalty of their bond, and the land sells for less than the penalty, in what way are the proceeds to be applied? Shall they be credited upon the aggregate of the decree, perhaps leaving the sureties to pay the whole penalty, or against the penalty, or proportionally against the penalty and the excess over it?

The condition of the bond was to prosecute the appeal with effect, and pay all damages and costs in case of failure to make the appeal good. The damages were the interest which accrued between the dates of the decree against Goodloe and the judgment against the bail, amounting to less than $7,000. This

should have been the extent of the recovery, and not the whole penalty of $12,000.

The surety who pays money for the principal is entitled to all the securities which the plaintiff has for the debt. Union Bank of Maryland *v.* Edwards, 2 Gill & Johnson, 353; 7 Serg. & R. 9; 3 Serg. & R. 309; 10 J. R. 524; 2 J. Cas. 227; 2 J. C. R. 554.

The counsel for Pintard contended that the credits had been properly applied and given.

Mr. Justice McLEAN delivered the opinion of the court.

This is an appeal from the circuit court of the eastern district of Arkansas.

Pintard, on the 10th of April, 1847, obtained a decree against Archibald Goodloe for $10,552, with ten per cent. interest per annum on the amount decreed. There was also an order that a certain tract of land should be sold, and the proceeds applied to the payment of the decree.

An appeal was taken from this decree to this court, by which the decree was affirmed. On the 20th of February, 1852, Pintard commenced an action against Sessions and others on the appeal bond, and at April term, 1853, obtained a judgment on the bond for the penalty thereof, amounting to the sum of $12,000.

At the same time, Pintard procured an order for the sale of the land specified in the decree, which was sold on the 15th of November, 1852, for the sum of $8,025, which, after paying the expense of the sale, left a balance of $7,525 as a credit on said decree, as of the 15th of November, 1852. The interest, with the sum decreed, up to that period, amounted to $16,877. The proceeds of the sale of the land being deducted from this sum, leaves a balance on the decree of $8,912, with interest from the 17th day of April, 1853. The interest on this sum, up to the time judgment was rendered on the appeal bond, makes the sum of $9,283, as the amount to be collected on the judgment.

An execution was issued on the judgment the 14th of May, 1853, for $12,000, with an indorsement of a credit of $2,717. This execution was levied on a number of slaves, of the value of $12,000, as the property of Sessions, the defendant. A delivery bond was taken for the slaves, with Daniel H. Sessions as security; but the slaves not being delivered on the day of the sale, an execution was issued against principal and surety on the delivery bond.

At this stage of the proceedings, a bill was filed by the appellants, complaining that the distribution which had been made

of the proceeds of the sale of the land was inequitable, and that such proceeds should be credited on the judgment entered upon the appeal bond, *pro rata*, and not exclusively on the decree; and the complainants pray that Pintard may be decreed to enter a credit upon the judgment as aforesaid, as of its date, for the sum of $5,323.35; and that a perpetual injunction might be granted to prevent him from collecting any more than the residue of the judgment, after deducting the above sum.

A temporary injunction was granted, Pintard filed his answer, and, upon the final hearing, the injunction was dissolved and the bill dismissed, at the costs of the complainants. From this decree an appeal was taken, and that brings the case before us.

The complainants in their bill allege no fraud nor mistake, as a ground of relief. They claim that the money received under the decree for the sale of the land shall be applied, *pro rata*, in the discharge of the judgment against them, and the balance of the decree which remains after deducting the judgment. This would give to them a credit on the judgment of $5,724; and that Pintard, in claiming the whole amount of the judgment, seeks to recover from them $3,568.99 more than in equity he is entitled to.

This claim of the appellants rests upon the ground that there was a lien on the land sold by the original decree, which operated as an inducement to them to become sureties on the appeal bond. The land, by the original decree, was directed to be sold; consequently, the proceeds of the sale could be applied only in discharge of the decree. On what ground could the appellants claim a *pro rata* distribution of this fund? They were bound to the extent of the penalty of their bond, on which a judgment was entered. They had a direct interest in the application of the proceeds of the land to the payment of the original decree, including the interest and costs; and so much as such payment reduced the original decree below the amount of the judgment against them, they were entitled to a credit on the judgment. The judgment has been so made, and the credit entered, and beyond this they have no claim, either equitable or legal.

In the argument, a subrogation of the land or its proceeds, for the benefit of complainants, is urged; but on what known principle of equity does not satisfactorily appear. Had the appellants paid the decree in full, they might have claimed a control over the land decreed to be sold, or its proceeds. They made no payment, but assert a general equity to have the fund applied, *pro rata*, on their judgment. This would leave a large amount of the original decree unsatisfied. On what ground could Pintard be subjected to such a loss? He looked to the land and

the surety on the appeal bond, which more than covered his decree, including interest and cost.

The condition of the appeal bond was, "for the prosecution of said appeal to effect, and to answer all damages and costs, if" there should be a failure to make the plea good in the supreme court. There was a failure to do this, and the penalty of the bond was incurred. Whatever hardship may be in this case is common to all sureties who incur responsibility and have money to pay. Beyond that of a faithful application of the proceeds of the land in payment of the decree, the appellants have no equity. They cannot place themselves in the relation of two creditors having claims on a common fund, which may be distributed *pro rata* between them. Pintard has a claim on both funds; first, on the proceeds of the land, and second, on the judgment entered on the appeal bond for the satisfaction of the original decree.

The decree of the circuit court is affirmed, with costs.