## THE PEOPLE v. LEET.

THE Statute of 1861, requiring real estate, in actions to recover taxes, to be described in the complaint with the same particularity as in actions of ejectment, only applies to actions in which the real estate is made a party defendant.

In an assessment for taxes, a description of a tract of land by name is sufficient.

When the complaint avers that the property was duly assessed by an Assessor of a district or county [naming it], it is not necessary to further aver that the property was situated within the jurisdiction of the Assessor.

APPEAL from the Eleventh Judicial District, Placer County.

The facts are stated in the opinion of the Court.

*W. H. Bullock,* for Appellant.

The description is defective. The description of the real estate is, "Forks House Ranch"; the number of acres is not stated; the complaint does not state that it is inclosed; it does not state whether there are any buildings on the ranch, or any improvements.

There is no allegation that the property assessed is in Township No. 6. This is fatally defective. Assessors in Placer County are elected in each township. Unless the property was in Township No. 6, Spear had no power or authority to assess it. The complaint should show clearly the authority of the Assessor. There are no presumptions in his favor. (*Lachman* v. *Clark*, 14 Cal. 133; *Ferris* v. *Coover*, 10 Id. 632; *People* v. *Pico*, 20 Id. 595.)

The description of the property at Michigan Bluffs is as follows: "Stone buildings on the south side of Main Street," etc. This is insufficient; each building should be separately assessed, because they may belong to different owners, or they may be sold to different persons, and each would have the right to pay the taxes on his own property. Several buildings could not be sold in a lump for taxes; such a tax deed would convey no title. This is a plain principle, applicable to all taxation; this principle was decided in the case of *Terrill* v. *Graves* (18 Cal. 149). The assessment should show that the tax was on the improvements, and not on the land itself. (*Hall* v. *Downing,* 18 Cal. 619.)

*Jo. Hamilton,* for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action to recover delinquent taxes levied upon property assessed to the defendant in the year 1862, under the Revenue Law of 1861 and the amendments thereto. The defendant demurred to the complaint on the ground that it did not state sufficient facts to constitute a cause of action; that the Court had no

jurisdiction of the subject of the action; that there was a mis-joinder of parties; and that it was ambiguous and uncertain. And a special demurrer on behalf of the real estate, which was made a party, was also interposed, that it did not state facts sufficient to constitute a cause of action against the real estate. The Court sustained the demurrer as to the real estate, and overruled it as to the defendant, Leet; and, no answer having been filed within the time fixed by the Court, a final judgment was rendered against the defendant for the amount of the taxes and costs, from which the defendant appeals.

No appeal having been taken on behalf of the plaintiffs, the action of the Court in sustaining the demurrer as to the real estate cannot be reviewed.

The appellant alleges as error, that the description of the real estate is defective and insufficient, and the Court erred in not sustaining his demurrer for that reason. It is doubtful whether the appellant has the right to raise this objection here, under the peculiar circumstances of this case. The Statute of 1861 author-izes suit to be brought against the " person so delinquent, and against the real estate and improvements assessed so delinquent," etc.; and, in making the real estate a party, it requires that it shall be described with the same particularity as in actions of ejectment; but no description seems to be required, except for the purpose of identifying the real estate as a party. (Stat. of 1861, 432, Sec. 40.) The demurrer filed on behalf of the real estate having been sustained, and no amendment having been made, the real estate ceased to be a party to the action; and the reason for a particular description ceased to have any force, as no judgment could be or was entered against it.

Still, however this may be, we think the description is sufficient. One tract is described as the " Forks House Ranch, valued at $1,500; said ranch situated about twelve miles north and easterly from Michigan Bluffs, about one and a half miles southerly and easterly from Damascus." This is a sufficient description, as held in the cases of *Castro* v. *Gill* (5 Cal. 42) and *Yount* v. *Howell* (14 Id. 467). A description of a tract of land by name is suffi-cient, as it is presumed that the tract, and the extent of its bound-

aries, is well known by the name. The next piece is described as a " house and lot on the north side of Main Street, Michigan Bluffs, occupied by A. Ferguson as a tin shop, valued at $400." This is clearly sufficient to identify it. The last is a " stone building on the south side of Main Street, Michigan Bluffs, between Tyler's and Levin & Hefter's, valued at $2,700." This is also sufficient to identify the tract. This objection is therefore overruled.

It is also objected, that the complaint avers that the property was assessed by the District Assessor of Township No. 6, and it does not aver that the property is in that township. The complaint avers that the property was duly assessed by the District Assessor; and this is all that is required by the statute, which prescribes the form of the complaint in such actions. If it was not properly assessed, and there was any fraud in the assessment, the defendant should have set forth the facts in an answer.

It is also contended that the complaint should show that each building was separately assessed. The statute does not require any such statement in the complaint; and if it did the complaint in this case sufficiently states it, in averring the separate sums the property was valued at. The objection that the personal property assessed is not sufficiently described in the complaint, is untenable, as was held in *The People* v. *Eastman*, decided at the present term. The total amount of taxes claimed exceeds two hundred dollars, and the District Court therefore had jurisdiction of the case. If the property assessed included any public lands belonging to the United States, and therefore exempt from taxation, that fact should have been stated in an answer. The complaint does not show it, and the question, therefore, could not be raised by demurrer.

The judgment is affirmed.