## ORMAND LOBDELL *v.* WILLIAM H. LAKE AND ANOTHER.

Where, on an appeal to the superior court, the appellee has neglected to enter his case and have his judgment affirmed, under the provisions of the statute (Rev. Stat., tit. 1, § 73,) which provides that he may do so if the appellant does not enter the case within a time limited, such appellee has not thereby lost his remedy against the surety for costs on the appeal, but may still resort to the surety in an action of debt on his recognizance.

Where, in an action on such a recognizance, the superior court rendered judgment for $16 damages, and the only proper subject for such damages was the cost in the justice court, and these costs had been taxed by the justice at $6, and it was claimed that the superior court had by mistake included with the cost the damages in the justice court, which were $7,—it was held, on a writ of error from the judgment, that if the court had included such damages in its own judgment the judgment was erroneous, but that since the superior court had power to revise and increase the bill of cost allowed by the justice the court could not see from the record that it had not done so, while in a matter of damages the court could not resort to exact computation for the purpose of finding error in a judgment.

MOTION in error from a judgment of the superior court, in an action of debt on a recognizance. The recognizance was entered into by the defendants before a justice of the peace, on an appeal taken by the defendant Lake from a judgment against him by the justice in favor of the present plaintiff. The case is sufficiently stated in the opinion.

*Loomis* and *Taylor*, for the plaintiff in error.

*Averill* and *Brewster*, for the defendants in error.

DUTTON, J. The defendants, on an appeal from a justice, gave a bond of prosecution, conditioned that the appellant, one of the defendants, should enter his appeal in the docket of the superior court and prosecute the appeal to effect, and answer all damages if he failed to make his plea good. The appellant did neither. The condition of the bond was therefore broken and apparently the plaintiff was entitled to recover. The defendants however insist that the right of action is taken away by the statute, authorizing the appellee to enter the case

Lobdell *v.* Lake.

if the appellant does not, and have the judgment affirmed. Rev. Stat., tit. 1, § 73.

This statute does indeed give to the appellee the privilege under certain circumstances of entering the appeal. But it does not either in terms or by implication discharge the parties to the bond from their express obligation to enter and prosecute the appeal. The appellant therefore is clearly liable.

It is urged however that the surety at all events is not liable, because the statute provides (Rev. Stat., tit. 1, § 154,) that he shall be liable for the costs if *they can not be had out of the estate of the principal*, and that by the neglect of the appellee in not entering the case, it does not appear whether they could have been recovered out of the principal or not. But that statute refers to a different state of things. The object of it was to provide that if a judgment is rendered against the principal, which proves ineffectual, resort may then be had to the surety for the cost. It can not be inferred from this, that where the surety binds himself that the appellant shall enter the appeal, the surety is not liable although the appeal is not entered.

It is claimed further that there is error apparent upon this record, because the superior court rendered judgment for $16.08 damages, and for the cost, whereas the cost before the justice was only $6.44, and the balance can not be accounted for without supposing that the judge included in the judgment the damages recovered before the justice. If we could judicially see this in the record we might reverse the judgment on that account, as it would be clearly erroneous, although we should not be bound to do it, as this point is not contained in the assignment of errors. But in a matter of damages we can not resort to arithmetical calculations for the purpose of finding error in a judgment. The whole cost was subject to the revision of the judge. He may have allowed items which the justice refused to tax.

We find no error.

In this opinion the other judges concurred.