No exception was taken to the legal conclusion of the referee, that the lands, for the recovery of which this action was brought, had become liable to resale by the State, by reason of the non-payment of the residue of the purchase-money agreed to be paid therefor by Barnes and Phelps, to whom a certificate for said lands was issued April 10, 1852, pursuant to the statute; nor the findings of fact upon which such conclusion was based. The only question as to the resolution of the commissioners of the land office, directing a resale of the lands, is, whether it was regularly passed, pursuant to statute. That fact was proved. Whether it was introduced and moved by the lieutenant-governor, while presiding at the board, or whether, while so presiding, it was in order for him to make a motion, is wholly immaterial. The paper in the county of Onondaga was sufficiently designated by the board for the publication of the notice of resale. That designation was, "The Central City Courier." The paper which published the notice, upon the first page, was named, "Central City Daily Courier;" and in the editorial column on the second page, and the local column on the third page, "Central City Courier." It thus appears that the paper used, and was known by, both names. Besides, it was proved that there was no other paper printed in the county of any similar name. These facts left no doubt that the paper in question was the one intended to be designated by the board. This was all that was requisite.
It is claimed, by the appellant's counsel, that the holder of the certificate issued to Barnes and Phelps was entitled to redeem the land from Dennison at any time within three months after its purchase from the State by him and the issuing of letters patent to him therefor. If the counsel is right in this, the judgment appealed from is erroneous, as the facts found show that all was done, by such holder, necessary to redeem within that time, if such right existed. From the facts found, it appears that, at the public sale of lands, conducted by the State engineer, on behalf of the State, pursuant to the statute and the resolutions of the commissioners, no one bid, for the lot in question, the minimum price fixed *Page 655 
thereon by the commissioners, according to the statute, and it was, thereupon, according to statute, bid in for the State; that, after the lapse of more than three months from such purchase by the State, the State sold the land to the plaintiff Dennison, and issued letters patent to him therefor — no application having been made, in the mean time, to purchase the same by the holder of the certificate. Section 55, page 594, volume 1, Revised Statutes, provides, that the original purchaser of any land so resold by the State engineer, his heirs and assigns, may redeem the same at any time within three months after such sale. This evidently refers to a sale made pursuant to section 53. Section 54 provides that, in every such resale, the State engineer shall give a certificate, to the effect, among other things, that the lands are subject to redemption, pursuant to the act, and that, in case of redemption, the sale shall be void and of no effect. Section 61 provides, that the State engineer may sell lands, purchased by him for the State, pursuant to the act, to any person who may apply to purchase the same, always giving a preference to the last owner, provided he shall apply to purchase the same within three months after the sale, for the amount at which the same was purchased for the State. It will thus be seen that the original purchaser has three months after the sale, during which he may acquire title to the lands by redeeming from a purchaser within that time, when it is purchased by any one other than the State, and, when bid in for the latter, by paying to the State, within that time the amount for which it was so purchased. It will be seen, that this preference to the former owner effectually suspends the power of the State engineer to sell to any one, other than such original purchaser, during the time such purchaser has the preference; otherwise, such preference would be rendered nugatory. After the expiration of three months from the sale, this preference ceases, and the State engineer is at liberty to sell to any one who may wish to purchase. In the event of such a sale, the statute is entirely silent as to any right of the original purchaser to redeem therefrom. No such right is required to be specified in the certificate of sale. *Page 656 
In short, no such right exists; and the holder of the original certificate acquired no right by his attempted redemption from the sale to Dennison. Section 65, page 550, provides, that, whenever the commissioners direct a resale, pursuant to the act, they shall cause notice to be given to every occupant of such land to remove therefrom; and that, together with the two succeeding sections, provides a summary mode of removing such occupants, in case of neglect or refusal to comply with such notice. It is manifest that a compliance with these provisions by the commissioners is not made a condition precedent to the power of sale, and that the validity of the sale is not dependent upon a compliance therewith. There is nothing in these sections indicating such an intention. The design of the legislature was merely to furnish to the commissioners a remedy for the speedy removal of the occupants from the land, and not to require notice to those interested, to enable them to protect their interest. It is further insisted, that the above mode, provided for the removal of the occupants, by the commissioners, must be pursued, and that, therefore, an action for the recovery of possession cannot be maintained. There is nothing in the statute making the remedy provided exclusive; and when the common law gives a remedy, and another remedy is provided by statute, the latter is cumulative, unless made exclusive by the statute. (Wetmore v.Tracy, 14 Wend. 202, and cases cited.) It is claimed that the plaintiff failed to show title, for the reason that the land was held adversely at the time Dennison received the patent therefor from the State. There are two answers to this: First, section 160, page 149, 2 Revised Statutes, does not apply to the State; second, the land was not held adversely to the State. It is found that the occupants held under the original purchase from the State. That was not holding under an adverse title, within the meaning of the above section. (Webb v. Bindow, 21 Wend. 99;Cook v. Travis, 20 N.Y. 400.)
The judgment appealed from must be affirmed, with costs.
All the judges concurring,
Judgment affirmed. *Page 657