Williams agt. Blumer.

## SUPREME COURT.

JOHN T. WILLIAMS agt. JOHN P. BLUMER and JOHN D. OSTERHOUT.

*Taxation of costs.*

An award should be made by the court in respect to costs, where there are several defendants making separate defenses by separate answers, not united in interest, and who are entitled to costs.

*Onondaga Special Term, December,* 1874.

MOTION to set aside taxation of costs in favor of the defendants, by which they were permitted to tax two bills of costs. The recovery was thirty dollars, and for tort, and plaintiff not entitled to costs.

There does not appear anything to show that any direction was given by the trial court as to costs.

*C. A. Weaver,* for motion.

*George B. Warner,* opposed.

HARDIN, *J.*— The question presented arises under section 306 of the Code, and has been passed upon several times since the amendment of that section, in 1851. The cases are conclusively to the effect that an *award* should be made in respect to costs, when there are several defendants not united in interest, and making separate defenses by separate answers. It is clear these defendants were not united in interest, and that they proved and made separate defenses.

Williams agt. Blumer.

In *Bank of Attica* agt. *Wolf*, decided in 1859, by the general term of the eighth district, and reported 18 *Howard*, 103, it was held that a judgment, entered without an award, when separate answers by defendants not united in interest, was irregular and the taxation set aside.

The learned judge cites, from 1 *Bosworth*, *Butler* agt. *Morris*, and other cases supporting the conclusion reached.

That case was cited and followed in *Zink* agt. *Attenbury* (18 *How.*, 108), at general term, in 1859.

In the same year the same question was examined by HOGEBOOM, J., sitting in the Albany general term, and a similar result reached by him, and decided at said term, and reported 18 *Howard*, 397. In *N. H. R. R. Co.* agt. *Schuyler* an award was made, and then the bills were taxed and approved, April, 1865 (29 *How.*, 89).

These cases were examined in *Lindsley* agt. *Diefendorf*, by HARDIN, J., and followed (43 *How.*, 91).

This question was incidentally alluded to in *Hayes* agt. *Robertson* (15 *Abb.* [*N. S.*], 194), by MONELL, J., and he assumes there is a conflict; but the cases he refers to as adverse to those already cited, arose before the amendment, in 1851, of section 306 of the Code. The taxation of two bills of costs by the defendants without any award of costs by the court was irregular, and must be set aside, without prejudice to the defendants' right to move for an award of costs to either or both.

The motion is granted with ten dollars costs.