## J. P. TRENT ET AL. v. J. A. RHOMBERG ET AL.

(Case No. 5801.)

1. SUIT UPON APPEAL BOND—The right to an independent suit upon an appeal or writ of error bond, as upon any other contract, is well settled. (Authorities cited.) Such an instrument has all the requisites of a valid contract; it is voluntarily entered into, and is supported by sufficient consideration. (Cases cited.)

2. SAME—The obligees upon such bonds are not confined to the statutory remedies, as they are merely cumulative. (Authorities reviewed.)

3. SAME—CONSTRUCTION OF BOND—MEASURE OF DAMAGES—An appeal bond, in compliance with the statute, provided that the principal "shall prosecute its appeal with effect, and, in case the judgment of the appellate court shall be against it, the" principal "shall perform its judgment, etc., and pay all such damages as said court may award against it." The principal filed the transcript in the supreme court, and the appeal was dismissed for want of prosecution, the judgment being that the principal and its sureties "pay all costs in this behalf expended, etc." *Held:*

   (1) The bond bound the principal to prosecute the appeal with effect, as well as to perform the judgment of the supreme court. Performance of one condition no defence for breach of the other. (Robinson *v.* Brinson, 20 Tex., 438, and other cases reviewed.)

   (2) An appeal is not prosecuted which is dismissed for want of prosecution, nor can it be said with reference to the accepted meaning of the words that the appeal is prosecuted *with effect*, if the judgment remains unchanged after the appeal is disposed of. (Cases reviewed.)

   (3) If, upon writ of error, the judgment should be affirmed, the rights of the two sets of sureties could be adjusted upon well established principles. (Babbitt *v.* Linn, 101 U. S., etc.)

   (4) The liability upon breach of the conditions of the bond was not for the penalty, but for damages.

   (5) If, in the interval between the appeal and the judgment of dismissal, the principal became insolvent and its property passed beyond the reach of execution, the obligees were entitled to recover of the sureties the amount of their judgment against the principal at the date of the bond with interest, and the cost of their independent suit on the bond.

APPEAL from Travis. Tried below before the Hon. A. S. Walker.

On May 12, 1883, appellants recovered judgment in the district court of Burnet county, against the Austin and Northwestern Railroad Company in an action of damages for $750.

From this judgment, the railway company appealed to the supreme court, and, on June 1, 1883, filed its supersedeas bond, with appellees as sureties, in the sum of $1,750. This bond was in the exact form and contained all the conditions required by the statute, and was duly accepted and approved. The case was returnable to the supreme court at its Austin term, 1884, and belonged to the second assignment, which was set for April 16, 1884. The record was duly filed in the supreme court and entered upon its docket on April 2, 1884, and within

the time prescribed by law. The railway company, appellant, filed no brief in the supreme court, and made no appearance except to file a correct and perfect transcript of the record within the time prescribed by law. The appellees in that appeal, appellants in this appeal, filed no brief and made no appearance in the supreme court.

On the final call of the cause in the supreme court on May 16, 1884, and after the assignment to which it belonged had been on call for just one month, the court, of its own motion, dismissed the case for want of prosecution, and rendered the following judgment: "Austin and Northwestern Railroad Company v. R. V. Trent et al., No. 5017. Appeal from Burnet. This cause being called and the appellant appearing neither in person, by attorney, nor by brief, it is considered, adjudged and ordered that this appeal be dismissed for want of prosecution. That the appellant, the Austin and Northwestern Railroad Company, and its sureties, J. T. Brackenridge, R. J. Brackenridge, J. A. Rhomberg, A. P. Wooldridge and A. T. Rhomberg, pay all costs in this behalf expended, and that this decision be certified below for observance."

This suit was brought by the obligees in the appeal bond against the appellees, as sureties, to recover the amount of the judgment appealed from, with interest and costs. The Austin and Northwestern Railroad Company was not made a party, having become insolvent in the interval between the appeal and the judgment of dismissal. The case was tried by the court upon an agreed statement of facts, and final judgment was rendered in favor of appellees.

*Carleton & Morris*, for appellants, as to the right of an independent action on the bond, cited: Lobdell *v.* Lake, 32 Conn., 16; Unterrein, admr., *v.* McLane, 10 Mo. 343; State *v.* Boies, 41 Me., 344; Legate et al. *v.* Marr, 8 Blackf., (Ind.) 404; Ellis *v.* Hull et al., 23 Cal., 161.

On breach of the condition and its effect, they cited: Philbrick *v.* Buxton, 40 N. H., 384; McConnel *v.* Swailes, 2 Scammons, (Ill.) 571; Karthaus *v.* Owings, 6 Harris & Johnson's Reports, (Md.) 138.

On the question of costs, they cited: Philbrick *v.* Buxton, 40 N. H., 384; Lobdell *v.* Lake, 32 Conn., 16; Champomier *v.* Washington, 2 La. Ann., 1013.

*Robertson & Williams* and *Sneed, Pendexter & Burleson*, for appellees, cited: R. S., 1033, 1039, 1047, 1055, 1056, 1060, 1404, 1405; Rules of Supreme Court, 4, 7, 20, 21, 339, 43, 44, 47; Robinson *v.* Brinson, 20 Tex., 439; Stoner *v.* Spencer, 32 Tex., 653; Burck *v.* Burroughs, 64

Tex., 445; Bailey *v.* James, 64 Tex., 546; Hobart *v.* Hilliard, 11 Pick., 143; Ashley *v.* Brasil, 1 Ark., 144; Smith *v.* Huesman, 5 Cent. L. J., 492; Smith *v.* Huesman, 30 Ohio St., 662; Drummond *v* Husson, 14 N. Y. Ct. App., 60; Gould *v.* Warner, 3 Wend., 61; Badlam *v.* Tucker, 1 Pick., 286; Gumperling *v.* Hanes, 40 Ohio St., 114; Bausman *v.* Kirtley, 47 Mo., 28; Conger *v.* Robinson, 12 Miss., 210; Charman *v.* McLane, 1 Oregon, 399; Avera *v.* Vason, 42 Ga., 233; Wilson *v.* Churchman, 6 La. Ann., 468; Mestling *v.* Hughes, 89 Ill., 571.

ROBERTSON, ASSOCIATE JUSTICE.—The right to an independent suit upon an appeal or writ of error bond, as upon any other contract, is conceded by all authorities, as far as the research of counsel or the court has developed them.    Lobdell *v.* Lake, 32 Conn., 16; State *v.* Boies, 41 Me., 345; Legate *v.* Marr, 8 Blackf., (Ind.) 404; Ellis *v.* Hull, 23 Cal., 161; Philbrick *v.* Buxton, 40 N. H., 384; McConnell *v.* Swailes, 2 Scam., (Ill.) 571; Karthaus *v.* Owings, 6 Harris & Johnson, (Md.) 138; Hobart *v.* Hilliard, 10 Pick., 143; Ashley *v.* Brasil, 1 Ark., 144; Smith *v.* Huesman, 30 Ohio St., 669; Drummond *v.* Husson, 14 N. Y. Ct. App., 60; s. c., 4 Kernan; Gregory *v.* O'Brian, 1 Green's N. J. L., 11; Ives *v.* Bank of Boston, 12 How., 159; Sessions *v.* Pentard, 18 How., 106; Supervisors *v.* Kennicutt, 103 U. S., 554; Marryott *v.* Young, 33 N. J. L., 336.

Such an instrument has all the requisites of a valid contract. Mestling *v.* Hughes, 89 Ill., 389. It is voluntarily entered into, and is supported by sufficient consideration. Hester *v.* Keith & Kelly, 1 Ala., new series, 316; Rowlet *v.* Eubank, 1 Bush., (Ky.) 477; Burroughs *v.* Lowder, 8 Mass., 372. In Gimperling *v.* Hanes, 40 Ohio St., 114, it was held that the appeal had no existence, and hence the bond was without consideration. Gregory *v.* O'Brian, 1 Green's N. J. L., 11, proceeds upon the same principle.

In this case the execution was superseded, the appeal was perfected, the consideration of the contract was ample, and was received. If the contract is broken, what exonerates the parties from suit and damages? It is claimed that the statutory remedies upon the bond, which in Texas meet all the phases of liability, are exclusive. But no case cited and none found sustains this doctrine. In Louisiana the sureties upon the bond are reached by a summary proceeding in the lower court. Wilson *v.* Churchman, 6 La. Ann., 468; and in Smith *v.* Gaines, 93 U. S., 341, it was held that this remedy might be used in the federal circuit court in that state, as a substitute for an independent suit on the bond; but there is no intimation anywhere that the judgment creditor may not waive the summary procedure pre-

scribed for his benefit, and pursue his common law remedy upon the bond.

In Ohio the statute provides a remedy for the appellee in every case, except the dismissal of the appeal or the affirmance of the judgment, and expressly authorizes suit on the bond in those two cases. This is held to be a statutory denial of the right to an independent suit in all other cases.   Gimperling v. Hanes, supra.

On the other hand, the bond being a contract, for the breach of which the common law furnishes the forms and means of redress, the general principle is that statutory remedies are not exclusive, but cumulative.   2 Waits Acts. and Def., 42, 286; Candee v. Hayward, 37 N. Y., 653.   In Lobdell v. Lake, 32 Conn., 16, in a suit upon an appeal bond it was held that the surety was liable, although the statute provided another remedy for the very breach alleged.   In State v. Boies, 41 Me., 344, the statute prescribed a specific remedy for breach of a recognizance for appeal, but it was held that the obligee was not deprived of the right of independent suit.

The judgment on the bond in the appellate court—the validity of a law authorizing such judgment was affirmed on question, in Beall v. Mexico, 16 Wall., 539—and summary proceedings against sureties, are provisions for the benefit of the appellee or defendant in error, and whether beneficial or not, would be problematical, if the obligee was confined to the stautory remedies in all cases.   The object of the law as well as the ends of justice, is best accomplished by holding that these remedies are cumulative, consistently with the enlightened precedents and the general principle of construction already noticed.

The right of the plaintiffs to maintain a suit on the bond being decided, the plaintiffs were entitled to recover, if a breach of the bond was proved, and the breach has not been satisfied.   The facts are admitted.   The transcript was filed in the supreme court, and the case was there dismissed for want of further prosecution by the principal obligor.   The judgment of dismissal awarded costs against all the obligors, and this judgment has been paid.   The bond was conditioned that the principal obligor "shall prosecute its appeal with effect, and in case the judgment of the appellate court shall be against it, the" principal "shall perform its judgment, sentence or decree, and pay all such damages as said court may award against it," in literal conformity to the statute then and now in force.

The appellees contend that these obligations are in the alternative; that they were bound either that the principal should prosecute its appeal with effect, or pay the judgment of the supreme court, and that they have performed the contract in paying the costs adjudged

against them in the order dismissing the appeal. The statute provides for a contract to do two things, and not one of two; the bond is in terms that both shall be done, not one or the other. In Hobart v. Hilliard, 11 Pick., 143, the bond was conditioned to prosecute the appeal with effect, and pay the intervening damages. It was held that the appeal was prosecuted with effect, but the liability of the sureties upon the other condition was not questioned.

In Gould v. Warner, 3 Wend., 54, the suit was on a replevin bond, conditioned to prosecute the suit with effect, and return the goods. It was held that the obligation was not discharged by returning the goods.

In Marryott v. Young, 33 N. J. L., 336, the suit was on a *certiorari* bond, conditioned that the principal "should prosecute the said *certiorari* in the said circuit court; should pay the sum recovered in the court below, with interest and costs, if the judgment be affirmed; and should," etc. The condition to prosecute the *certiorari* was held to be an independent obligation, upon which an action could be maintained, though the judgment was not affirmed. See also Perreau v. Bivin, 5 Barn. & Cress., 284.

As a general rule, when the appellant prosecutes his appeal with effect, the judgment is reversed and the cause is remanded, with no sentence or decree to be performed by the appellant, or award of damages to be paid by him. This general rule was evidently in view when an appeal bond, with the obligation to perform the conditions in the alternative, was held to be sufficient, in Robinson v. Brinson, 20 Tex., 438. In the great majority of cases then coming before this court, if the judgment was reversed, the cause was remanded for a new trial. But under the practice inaugurated under the present constitution many cases are tried in the district court without a jury, and in many of them, the judgment is reversed and here rendered. In those in which the judgment is reversed and here rendered against the appellant, the appeal is prosecuted with effect, in any sense of these terms, and yet, by the judgment of this court, the principal and sureties in the bond are bound on the other obligation contracted to perform important and onerous decrees.

There is no harshness in this interpretation of the bond. The sureties are no further bound than they have contracted to be. They are given the simple justice of a literal interpretation of the language of their undertaking. The principal is not allowed to delay the execution of an erroneous judgment, without securing the performance of the proper judgment to be rendered in the court to which he appeals.

The bond bound the principal to prosecute the appeal with effect

as well as to perform the judgment of the supreme court. It is no defence to a suit for breach of one condition that the other has been performed. But the appellees contend that their principal prosecuted its appeal with effect—that this was accomplished by filing the transcript in the supreme court. This theory is supported by Hobart v. Hilliard, 11 Pick., 143, but the decided preponderance of authority is in favor of the proposition that "with effect" in such instruments means "successfully." It was so interpreted in Perreau v. Bivin, 5 B. & C., 291; Legate v. Marr, 8 Blackf., 404; Karthaus v. Owings, 6 Harris & J., 434, and in Champomier v. Washington, 2 La. Ann., 1013. (In the last case the appeal was abandoned.) See also Gould v. Warner, 3 Wend., 54; Babbitt v. Finn, 101 U. S., and Maryott v. Young, 33 N. J. L., 336.

The opinion in Robinson v. Brinson, 20 Tex., 439, proceeds upon the idea that a prosecution of the appeal *with effect* means *with success.* The same words were used in this sense in Bailey v. Goodjohn, 64 Tex., 546. An appeal cannot be said to be prosecuted at all, which is dismissed for want of prosecution, nor can it be said with reference to the accepted meaning of the words that the appeal is prosecuted with effect if the judgment remains, after the appeal is disposed of, the same as it was before.

The difficulties suggested by appellees' counsel as arising from the reversal of the judgment on writ of error, after an appeal has been dismissed, are more fanciful than real. The subsequent reversal of the judgment would only affect the extent, and not the fact, of the obligor's liability upon the appeal bond. There is ample power in the courts administering both law and equity to stay proceedings, or otherwise prevent unjust results. If on the writ of error the judgment should be affirmed, the rights of the two sets of sureties could be adjusted upon principles well established by adjudicated cases of a somewhat analogous nature. Babbitt v. Finn, 101 U. S.; Robinson v. Plimpton, 25 N. Y., 485; Smith v. Falconer, 11 Hun. (N. Y.), 481; Gardner v. Barney, 24 How. Pr., 467; Smith v. Crouse, 24 Barb., 434; Hinckley v. Krutz, 58 N. Y., 583. A bond is construed to be a contract to do the things named in the conditions. 1 Waits' Acts. and Def., 681.

The liability upon breach is not for the penalty, but for damages. The petition alleges that in the interval between the appeal and the judgment of dismissal the principal became insolvent, and its property passed beyond the reach of the plaintiffs' execution. These aver' ments are found by the court to be proved. The amount the plaintiffs are entitled to recover upon these facts, (without deciding that

this would not be the measure in any case in which the judgment cannot be collected from the principal) is the amount of their judgment against the principal at the date of the bond, with interest from that date and costs of the district court in this suit against the principal. The amount of these costs we find in the record is alleged to be $50.00.

This would have been the liability of the sureties if their principal had prosecuted the appeal to judgment on the merits, but not *with effect*, and it ought not to be less when the principal has not performed any part of this condition.

The judgment below is reversed and judgment is here rendered for the appellants in accordance with this opinion.

REVERSED AND RENDERED.

[Opinion delivered May 14, 1886.]