## TEXAS CO. v. GRAHAM.
### No. 1665.

Court of Civil Appeals of Texas. Eastland.
April 23, 1937.

Rehearing Denied May 21, 1937.

Lasseter, Simpson & Spruiell, of Tyler, for appellant.

Pollard & Lawrence, of Tyler, for appellee.

FUNDERBURK, Justice.

In the city court of Wichita, Kan., the Texas Company, a corporation, styled the "Texas Co., a Corp. of Denver, Colorado," plaintiff, recovered against Graham Oil Company, defendant, judgment for $407.80, with interest and costs. The defendant appealed to the district court, having executed an appeal bond, with J. F. Graham surety. The obligations of the bond were that said defendant and surety would pay $850 conditioned that the defendant should "prosecute its appeal to effect and without unnecessary delay and satisfy such judg-

ment and costs as may be rendered against it therein." In the district court, upon motion of the plaintiff, the appeal was dismissed on the ground of the insufficiency of the appeal bond. The order of dismissal recited that "the appeal bond now on file in this action is hereby adjudged to be insufficient and *is hereby set aside* and the said defendant, The Graham Oil Company, must file within ten days after the date hereof a good and sufficient bond to be approved by this court, otherwise this appeal shall be dismissed." (Italics ours.) By subsequent order the court reciting the failure to furnish a good and sufficient appeal bond, adjudged that the appeal be dismissed "for lack of sufficient appeal bond," etc.

Without payment of the judgment, the Graham Oil Company became insolvent and was discharged in bankruptcy.

The Texas Company, describing itself as "a private corporation, created, organized and existing under and by virtue of the laws of the State of Delaware with permit to do business in the State of Texas and in the State of Kansas," brought this suit in the county court of Smith county against J. F. Graham on said appeal bond, seeking to establish his liability on same as a common-law obligation. At the conclusion of a nonjury trial, judgment was rendered for the defendant, from which the plaintiff has appealed.

We shall first notice a contention of the appellee. By his first counter proposition, it is insisted that there was a fatal variance shown, in that in the original suit in the city court of Wichita, Kan., the plaintiff was the "Texas Company, a corporation of Denver, Colorado," while in the instant suit, the plaintiff whose rights are dependent upon identity with the plaintiff in the former suit, is the "Texas Company, a Delaware corporation, with a permit to do business in the State of Texas and in the State of Kansas." The statement of facts shows that the court overruled an objection, on the ground of such variance, to the introduction in evidence of the transcript. If that ruling of the court was error, it was not fundamental error, and it is not made the ground of error in any cross-assignment of error. It was therefore waived.

The purpose of appellee in urging the point is evidently to sustain the judgment independently of the ground of attack made upon it by the appellant. The conclusion we reached in the case of Miller v.

Fenner, Beane & Ungerleider, 89 S.W.(2d) 506, 509, upon the authorities therein cited, is believed to be applicable, namely: "If it becomes necessary for an appellee or a defendant in error to invoke the authority of the appellate court to determine the existence of error, not fundamental, in any ruling, action or other part of the proceedings of the trial court whether to obtain further relief in a judgment awarding partial relief, or to sustain the judgment in his favor upon some other basis, or for some other reason than that upon which it was predicated by the trial court, then it is necessary to present such matters by cross-assignments of error."

However, if the point had been properly preserved and here presented, we think no material variance is shown. A corporation may have residences in many cities in different states. If the Texas Company, a Delaware corporation, with a permit to do business in Texas and in Kansas, had a residence, as was quite possible, in Denver, Colo., it could, not inaptly, be called the "Texas Company, a corporation of Denver, Colorado." In other words, there was no inconsistency between the name and description of the plaintiff in this suit, and that in the city court of Wichita, Kan.

A determinative question, as we view it, arises upon the statement of the case made above. It is: Can the obligee in an appeal bond have a cause of action against a surety on the bond, it appearing, as it does, that the obligee had previously procured an adjudication by a court of competent jurisdiction that the bond was void, or insufficient to accomplish the purpose of such bond? The purpose of the appeal bond was to enable the principal, Graham Oil Company, to have a retrial of the case in the district court. To enable the principal to avail itself of that right was the consideration supporting the promise of the surety, which as a common-law obligation is here sought to be enforced. The purpose of the surety's promise failed as the result of the obligee's action in having the appeal dismissed or quashed. In Allen v. Kitchen (Tex.Civ.App.) 156 S.W. 331, 332, it was recognized on the authority of Trent v. Rhomberg, 66 Tex. 249, 18 S.W. 510, Wooldridge v. Rawlings (Tex.Sup.) 14 S.W. 667, and Michael v. Ball, 8 Tex. Civ.App. 406, 27 S.W. 948, that: "Where a valid supersedeas bond has been given and filed within the time required by law;

and the appeal has not been prosecuted to effect, the appellee may bring suit on such bond as a common-law obligation." It was declared, however, that "if the bond does not perfect the appeal it is without consideration, and will not support an action as a common-law obligation." In S. A. Pace Grocery Co. v. Savage (Tex.Civ.App.) 114 S.W. 866, 867, it was said, concerning a statutory appeal bond, that "the perfecting of the appeal is the consideration supporting it. If therefore the appeal is not perfected, the bond is without consideration, and a suit upon it cannot be maintained." Scanlan v. De Zavala (Tex.Civ.App.) 42 S.W.(2d) 849.

The nearest precedent we have found for the situation here involved is Gregory v. Goldthwaite, 2 Tex.Civ.App. 287, 21 S.W. 413, 414. In that case, as in this, the defendant appealed from a judgment of the justice court in favor of the plaintiff. In the county court the appeal was dismissed on motion of the plaintiff "because said bond was not conditioned as required by the statute." Writ of procedendo issued. The judgment of dismissal was, on appeal to the Court of Civil Appeals, affirmed. Later, the plaintiff sued the sureties on the appeal bond, alleging, as in this case, the insolvency of the principal. The court in sustaining the action of the trial court in denying liability said: "Our conclusion is that the judgment of the court below ought to be affirmed. The appeal bond sued on was not good as a statutory bond, and an action could be maintained on it, if at all, only as a voluntary common-law bond, as upon a contract between the parties. It is clear that the minds of the parties never met in a contract. On the contrary, the appeal to the county court * * * was dismissed, on the motion of Gregory [plaintiff], because no sufficient bond had been filed. We are cited to the case of Trent v. Rhomberg, 66 Tex. 249, 18 S.W. 510, and Wooldridge v. Rawlings (Tex.Sup.) 14 S.W. 667; but in both of those cases the bonds were good statutory bonds, and in the first case the appeal was dismissed for the want of prosecution, while in the latter the appellant consented to the dismissal."

It is of no importance so far as we can see whether the appeal bond was void or merely voidable. Whether the one or the other, there was an adjudication of its invalidity, or insufficiency to accomplish its purpose, binding upon all parties.

Appellant relies upon a statute of Kansas, being chapter 61, art. 1007, Revised Statutes of Kansas, reading as follows: "When any appeal shall be dismissed, or when judgment shall be entered in the district court against the appellant, the surety in the undertaking shall be liable to the appellee for the whole amount of the debt, costs and damages recovered against the appellant." Appellee counters with reliance upon the succeeding article (1008) of said statute, reading: "When an appeal taken to the district court shall there be quashed by reason of irregularity in taking or consummating the same, the cause for quashing shall be stated in the order of the court, and a transcript of such order shall be filed with such justice, who shall thereupon proceed to issue execution in the same manner as if no appeal had been taken."

■ Assuming, as we think we should, that in Kansas an appeal from a justice or city court to the district court is analogous to, and governed by the same principles as, an appeal in this state from a justice court to the county court, it seems to us the proper construction of said statutes would be that article 1007 has application when an attempted appeal has been perfected, and article 1008 when an attempted appeal has not been perfected. A distinction seems to be made between a dismissal and a quashal.

Under the principle of that distinction, appellant procured the appeal from the city court to the district court to be quashed rather than technically dismissed. The city court judgment remained in force, when, if the appeal had been perfected, it would have been permanently vacated and annulled. Roberts v. McCamant, 70 Tex. 743, 8 S.W. 543.

Had the appeal been perfected, the obligation of the bond would have been completely discharged. The bond obligated the principal "to prosecute its appeal to effect [and without unnecessary delay] and satisfy such judgment and costs as may be rendered against it therein," just as, in this state, a similar bond would have obligated the principal to "prosecute his appeal to effect, and * * * pay off and satisfy the judgment which may be rendered against him on appeal." R.S.1925, art. 2456. The obligations are alternative. Robinson v. Brinson, 20 Tex. 438; Southern Pac. R. Co. v. Stanley, 76 Tex. 418, 13 S.W. 480. If the appeal is prosecuted to effect, then the occasion does not arise to satisfy or pay the judgment. Blair v. Sanborn, 82 Tex. 686, 18 S.W. 159. Hence, had the

purpose of the bond—the transfer of the case to the district court for trial de novo —been accomplished, the appeal would have been ·prosecuted to effect, and the obligations of the bond thereby discharged. Greenfield v. Chas. K. Horton, Inc. (Tex. Civ.App.) 64 S.W.(2d) 369.

There was not only a binding adjudication procured by the appellant that the bond was void in the sense that it was insufficient to accomplish its purpose,. but by the obligee's own voluntary act the consideration necessary to support the promise of the surety as a contractual obligation was caused to fail.

It is therefore our conclusion that the judgment of the court below should be, and accordingly is, affirmed.