## HOLLAND TEXAS HYPOTHEEK BANK v. BROOCKS et al. (No. 1143.)

(Court of Civil Appeals of Texas. Beaumont. June 27, 1924. On Rehearing. July 7, 1924. Appellees' Rehearing Denied.)

1. **Mortgages** ⟨key⟩504—**Judgment creditor held entitled to dissolution of injunction as to judgment debtor's sureties.**

Judgment creditor was entitled to dissolution of injunction restraining him from enforcing a judgment of foreclosure against judgment debtor as to judgment debtor's sureties, where it offered to bid in full amount of its judgment and to execute a bond to secure sureties in performance of that offer, and to protect them from any loss and damage under judgment rendered against them on their suretyship.

2. **Mortgages** ⟨key⟩504—**Judgment of foreclosure enforceable notwithstanding error in judgment on supersedeas bond which was severable and distinct therefrom.**

Court erred in refusing to dissolve a temporary injunction restraining judgment creditor from enforcing a judgment of foreclosure where errors complained of arose only in award to judgment creditor of additional relief on supersedeas bond executed in its favor by judgment debtor and his sureties, such judgment being severable and distinct from judgment of foreclosure, which, in view of affirmance by appellate court, constituted a final decree capable of being enforced.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Petition by John H. Broocks and others for injunction against the Holland Texas Hypotheek Bank. Judgment for plaintiffs, and defendant appeals. Decree in accordance with opinion.

Nall, King & Jackson, of Beaumont, for appellant.

E. E. Easterling, of Beaumont, for appellees.

WALKER, J. The appellees here, John H. Broocks and Laura A. Broocks, his wife, I. D. Roberts, C. C. Goodwin, and J. B. Whitton, Sr., filed their petition for injunction against Holland Texas Hypotheek Bank of Amsterdam, Holland, I. E. Roberts, Thomas W. Blount, P. W. Sublett, and H. J. Wilkinson, sheriff of San Augustine county, alleging:

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

That on the 10th day of April, 1922, in cause No. 20004, Holland Texas Hypotheek Bank of Amsterdam, Holland, v. John H. Broocks ' et al., the plaintiff in that cause recovered judgment against the defendants on the 10th day of April, 1922, for the sum of $12,293.60, with a foreclosure of a deed of trust lien upon certain property fully described by them, situated in San Augustine county, Tex. That on the 2d day of October, 1922, John H. Broocks duly filed his petition for writ of error, praying that said cause be transferred to the honorable Court of Civil Appeals for the Ninth 'Supreme Judicial District of the state of Texas for revision and correction, and that afterwards, to wit on the 2d day of October, 1922, John H. Broocks filed in said cause a supersedeas bond, with himself as principal, and C. C. Goodwin, I. E. Roberts, Thomas W. Blount, J. B. Whitton, Sr., and P. W. Sublett as sureties, which said bond was filed on October 2, 1922, and that said bond was duly approved by the district clerk of Jefferson county, Tex. That afterwards, to wit, on the 30th day of May, 1923, said cause was by the said Court of Civil Appeals for the Ninth Supreme Judicial District of Texas reversed, and judgment therein entered as follows:

"State of Texas, County of Jefferson.
"To the District Court of Jefferson County—Greetings:
"Before our Court of Civil Appeals on the 30th day of May, A. D. 1923, the case upon appeal to revise and review your judgment between John H. Broocks and Holland Texas Hypotheek Bank, No. 1021, was determined, and therein our said Court of Civil Appeals made its order in these words:
"In this cause, the appellant having failed to file a transcript of the record within the time prescribed by law, and the appellee having filed a certified copy of the judgment and appeal bond, together with the certificate of the clerk of the court below, and notified this court for an affirmance of said judgment, and the same being inspected, it is considered, adjudged, and ordered that said motion be sustained and the judgment of the court below be in all things affirmed without reference to the merits, the plaintiff in error John H. Broocks and the sureties on his writ of error bond, C. C. Goodwin, I. E. Roberts, Thos M. Blount, J. B. Whitton, Sr., and M. W. Sublett perform the judgment of this court and the court below for all cost in this behalf expended, and this decision be certified below for observance.
"Wherefore we command you to observe the order of our Court of Civil Appeals in this behalf and in all things it be duly recognized, observed, and executed.
"Witness the Hon. L. B. Hightower, Jr.,·Chief Justice of our said Court of Civil Appeals of the Ninth Supreme Judicial District of Texas, with the seal thereof annexed, at the city of Beaumont, the 20th day of November, A. D. 1923.            W. G. Woodward, Clerk."

That in accordance with said order of the Court of Civil Appeals a mandate was duly issued and filed in the district court of Jefferson county, Tex. Fifty-Eighth judicial district, in cause No. 20004, and judgment was entered by the Fifty-Eighth district court as follows, to wit:

"Holland Texas Hypotheek Bank v. John H. Broocks. No. 20004.

"Be it remembered that, in the above-entitled and numbered cause, it appearing to the court that the defendant herein had sued out a writ of error to the Court of Civil Appeals, and executed a supersedeas bond with C. C. Goodwin, I. D. Roberts, Thos. M. Blount, J. B. Whitton, Sr., N. W. Sublitt, as sureties thereon, and that said defendant had failed to file the record in this cause with the Court of Civil Appeals as provided by law, and thereupon said cause was affirmed on certificate, and it further appearing to the court that by judgment of the Court of Civil Appeals affirming said cause the plaintiff herein recovered judgment as against the defendant, John H. Broocks, as well as the sureties on his writ of error bond, to wit, C. C. Goodwin, I. D. Roberts, Thos. M. Blount, J. B. Whitton, Sr., N. W. Sublitt, for the full amount of the judgment herein rendered, and it further appearing to the court that mandate of the Court of Civil Appeals has been returned and filed in this court, therefore, in accordance with the judgment of the Court of Civil Appeals and said mandate, it is further ordered, adjudged, and decreed by the court that the plaintiff, Holland Texas Hypotheek bank of Amsterdam, Holland, to have and recover of and from the defendant, John H. Broocks, and of C. C. Goodwin, I. D. Roberts, Thos. M. Blount, J. B. Whitton, Sr., N. W. Sublitt, sureties on his appeal bond, the sum of twelve thousand two hundred ninety-three and 60/100 ($12,293.60) dollars, together with interest thereon at eight per cent. per annum from April 10th, 1922, and all costs of suit, for all of which let execution issue in addition to the order of sale heretofore provided for in the original judgment in this case.            Geo. C. O'Brien, Judge.
"Nov. 23d, 1923."

That the said judgment as rendered by the Court of Civil Appeals was "a nullity, and absolutely void, in that one of the parties to said suit in the Court of Civil Appeals was not disposed of, to wit, P. W. Sublett," who was one of the sureties on the supersedeas bond, but the said Court of Civil Appeals "rendered a judgment against N. W. Sublett who was not a party to the suit, or a surety on said bond"; that the judgment entered on the 23d of November, 1922, by the Fifty-Eighth district court, after the return of the mandate, was absolutely null and void "in that said order and judgment does not dispose of the following parties to said suit, to wit: P. W. Sublett, I. E. Roberts, and Thomas W. Blount—but said judgment was rendered against N. W. Sublett, I. D. Roberts, and Thomas W. Blount, who were not parties to said suit nor sureties upon said supersedeas bond." That said judgment was not a final judgment, in that it did not dispose

of all the parties to the suit, and that said judgment was also a nullity "in that it undertakes and upon its face shows that judgment is rendered against parties who were not parties to the suit, or parties on said supersedeas bond, to wit, N. W. Sublett, I. D. Roberts, and Thomas W. Blount, neither of whom were ever cited or voluntarily entered their appearances in said suit." That in entering judgment in favor of the Holland Texas Hypotheek Bank it was granted 10 per cent. attorneys' fees on the face of its note, with the foreclosure of a lien against the lands as referred to for said attorneys' fees, which said judgment was void because it was nowhere alleged in said petition "that the said John H. Broocks, joined by his wife, Laura A. Broocks, gave a lien upon said land to secure attorneys' fees, and therefore the court was without any power, authority or jurisdiction to render judgment against the said John H. Broocks and his wife Laura A. Broocks, declaring and foreclosing a lien upon said land to secure said attorneys' fees." That it was not alleged that said attorneys' fees were to bear interest at the rate of 8 per cent. per annum, "whereas said judgment by its terms allows plaintiffs to recover 8 per cent. interest on said attorneys' fees." That "by mistake said judgment in said cause was rendered against N. W. Sublett, and that P. W. Sublett was left undisposed of by said judgment. That said mistake was in no wise caused by the neglect or fault of plaintiffs, and that plaintiffs were not aware that said mistake nullifying said judgment had been committed until some time after the 18th day of March, 1924." That "plaintiffs further show that they were unaware until some time after the 18th day of March, 1924, that said judgment by mistake was erroneously rendered against I. D. Roberts and Thomas M. Blount, and that by no fault or neglect of the plaintiffs was said judgment so erroneously entered against I. D. Roberts, Thomas M. Blount, and N. W. Sublett, and that by no fault or neglect of plaintiffs were P. W. Sublett, I. E. Roberts, and Thomas W. Blount omitted from said judgment and undisposed of as parties by the terms of said judgment." That the entering of judgment against John H. Broocks and wife in excess of the amount claimed by the petition of the Holland Texas Hypotheek Bank works a hardship and irreparable injury upon said John H. Broocks and wife, Laura A. Broocks, and that judgment against I. D. Roberts, Thomas W. Blount, and N. W. Sublett, they never having been parties to said suit and never having been served with citations or entered an appearance therein, works an injury and hardship upon them, in that it appears as a judgment against them, when in fact and in law it is not and should be set aside; that I. E. Roberts, Thomas W. Blount, and P. W. Sublett were cosureties with C. C. Goodwin and J. B. Whitton, Sr.,

and were jointly bound for the performance of their obligations incurred under said bond, and "by the terms of the judgment I. E. Roberts, Thomas W. Blount, and P. W. Sublett were released and remitted therefrom, and no judgment was taken against them or either of them, thereby depriving these plaintiffs of their rights as co-obligors against them on said bond." That on the 6th day of February, 1924, an order of sale was issued in the aforesaid judgment No. 20004, which was delivered by the plaintiff in that judgment to the sheriff of San Augustine county, and by him levied upon the lands against which the deed of trust lien was foreclosed. That on the 3d day of March, 1924, H. J. Wilkinson,' as sheriff of San Augustine county, "in pursuance of said order of sale, has advertised said land for sale, on the 1st day of April, 1924, in the town of San Augustine county, Tex., to satisfy said judgment, and unless he is restrained from so doing will sell said land upon said day in accordance with said judgment and order of sale." That a sale of the lands under the circumstances set forth by plaintiffs in their petition "would work a great hardship upon all the parties hereto, and would cause John H. Broocks and Laura A. Broocks, his wife, great loss and irreparable injury, in that, the said judgment having been rendered and obtained as hereinbefore set out, the land probably would sell for an insignificant sum by reason of the invalidity of said judgment, and the manner of and in which the same was had."

The plaintiffs, in said petition, prayed that the judgment in cause No. 20004 be set aside and vacated, and that they be granted a new trial, and that pending a hearing they be granted a writ of injunction restraining the defendants from further executing the judgment in cause No. 20004.

In March, 1924, the exact date not being shown, the Honorable George C. O'Brien, judge of the Fifty-Eighth district court, granted the injunction in the terms prayed for. On the 31st day of March, 1924, the Holland Texas Hypotheek Bank appeared by written motion in this cause to dissolve the injunction, answering by a general demurrer, certain special exceptions, a general denial, pleading the rendition of judgment in its favor against Broocks and wife in the sum set out in the petition for injunction, the filing of the petition for writ of error and the supersedeas bond by John H. Broocks, as pleaded by him, the issuance of the order of sale and its execution, and the advertising of the land for sale; that "this defendant is not seeking to recover from said sureties any part of the judgment rendered against them, and, in the event it so does, the plaintiffs herein, as well as their cosureties, have an adequate remedy at law as between themselves, in so far as the judgment is concerned, independent of any rights

as between this defendant and the plaintiff, John H. Broocks; a plea of res adjudicata as to the attorney's fees; a plea of estoppel upon facts not necessary to set forth, and an offer upon its part, upon dissolution of the injunction and a sale of the land under the order of sale, to bid the full amount of its judgment for the lands being sold, and to execute any bond the court might require to protect the sureties from any damage or loss by reason of their suretyship on the supersedeas bond and judgment rendered against them thereon by the Court of Civil Appeals upon the affirmance of the judgment in cause No. 20004. This motion was duly heard by the trial court on the 31st of March, and by him in all things denied, from which order Holland Texas Hypotheek Bank has duly prosecuted its appeal to this court.

## Opinion.

[1] By offering to bid the full amount of its judgment and to execute a bond to secure the sureties in the performance of that offer, and to protect them from any loss and damage under the judgment rendered against them on their suretyship, appellant has fully answered all equities arising in favor of the sureties on their pleadings, and, therefore, as to appellees Goodwin and Whitton, the injunction should have been dissolved.

Without quoting from appellant's petition in cause No. 20004, Holland Texas Hypotheek Bank v. John H. Broocks et al., it is our opinion that the pleadings fully warranted the judgment for attorneys' fees and the interest thereon awarded in the judgment in that cause. It follows as to that count that Broocks and wife were not entitled to injunctive relief.

[2] The judgment of foreclosure against Broocks and wife was in all things regular and in due form. The errors complained of arise only in the award to appellant of the additional relief on the supersedeas bond executed in its favor by Broocks and his sureties. This judgment on the supersedeas bond was auxiliary to the judgment on the merits of the case, and, while the judgment of this court affirming the judgment of the trial court became the final judgment in cause No. 20004, disposing of the issues in that cause, the judgment on the supersedeas bond was severable from the judgment as rendered by the trial court. This is manifest from an inspection of our order affirming that judgment, which decreed that "the judgment of the court below be in all things affirmed without reference to the merits," to which was added the additional decree:

"The plaintiff in error, John H. Broocks, and the sureties on his writ of error bond, C. C. Goodwin, I. E. Roberts, Thos M. Blount, J. B. Whitton, Sr., and M. W. Sublett, perform the judgment of this court and the court below for all costs in this behalf expended, and this decision be certified below for observance."

Our order affirming the judgment against Broocks and wife completely disposed of that branch of the case, and, as it was severable and distinct from the judgment against the sureties, it was a final decree, and, as such, capable of being enforced.

We think it is clear that the trial court erred in refusing to dissolve the temporary injunction. It is therefore our order that the temporary injunction as granted by the trial court upon the petition of appellees be, and the same is hereby, in all things dissolved, upon appellant, Holland Texas Hypotheek Bank, filing with the clerk of this court a bond to be approved by him, payable to appellees, John H. Broocks, I. D. Roberts, C. C. Goodwin, and J. B. Whitton, Sr., in the sum of $15,000, conditioned that, upon the sale of the lands against which the deed of trust lien was foreclosed in cause No. 20004, Holland Texas Hypotheek Bank v. John H. Broocks et al., it will bid the full amount of its judgment, interest, and costs, and will save and protect the sureties on the supersedeas bond from said judgment from any and all loss and damage by reason of their suretyship, and by reason of the judgment rendered against them, as named in the judgment rendered by the Court of Civil Appeals for the Ninth Supreme Judicial District of Texas on the 30th day of May, 1923, in cause No. 1021, John H. Broocks v. Holland Texas Hypotheek Bank, as the same appears on the docket and minutes of said Court of Civil Appeals, and that this judgment be certified to the court below for its due observance.

## On Rehearing.

Supplementing its motion for rehearing, appellant makes the following suggestion for amendment of our opinion and judgment on original submission:

"Now comes the appellant, Holland Texas Hypotheek Bank, in the above-entitled and numbered cause, and, supplementing its motion for rehearing heretofore filed herein, moves the court that, in the event, upon rehearing hereof, the court should refuse to relieve appellant from the necessity of executing the bond heretofore required of it as a condition of the dissolution of the injunction in this case, then, in that event, the injunction granted by the lower court be dissolved in so far as it prohibits the execution of said judgment against the appellees John H. Broocks and wife, Laura Broocks, and that this court. if it deems that justice requires it, affirm the judgment of the lower court in so far as it prohibits the execution of said judgment against the sureties on said supersedeas bond and eliminate from the judgment of this court heretofore entered the requirement that appellant execute a bond protecting said sureties."

In accordance with the foregoing prayer of appellant, it is ordered that the judgment of the lower court, enjoining appellant from issuing an execution against the sureties on the supersedeas bond and those named as

sureties, be, and the same is hereby, in all things affirmed, according to the decree of the lower court, but that this order shall in no wise affect appellant's right to execution and order of sale against appellees John H. Broocks and wife, Laura Broocks.