HOLLAND TEXAS HYPOTHEEK BANK OF AMSTERDAM, HOLLAND, v. BROOCKS et al.　(No. 1460.)

Court of Civil Appeals of Texas. Beaumont. June 22, 1927.

Rehearing Denied Sept. 21, 1927.

1. **Appeal and error ⬥1239—Where judgment is affirmed on certificate against appellant only, respondent may bring action on appeal bond.**

Where appellant fails to file transcript in due time and respondent is entitled to affirmance on certificate, it is optional with him to have the judgment affirmed against both appellant and sureties on the supersedeas bond, or to ask for affirmance against appellant only, and to subsequently bring a common-law action upon the bond.

2. **Appeal and error ⬥1241—Affirmance on certificate against both plaintiffs in error and sureties, though judgment named some sureties incorrectly, held bar to subsequent action on bond.**

Where plaintiffs in error failed to file transcript in due time and defendant in error had the court affirm the judgment on certificate as against both the plaintiffs in error and sureties on supersedeas bond, he might not thereafter bring a common-law action on the supersedeas bond, even though the judgment of affirmance named some of the sureties incorrectly, the two remedies being inconsistent.

3. **Election of remedies ⬥9—Proceeding under one remedy may be dismissed and another inconsistent remedy adopted.**

Where one has two or more distinct and inconsistent remedies, he may proceed under one of them and thereafter dismiss the prosecution of that remedy and proceed with another.

4. **Appeal and error ⬥1236—Respondent who has judgment affirmed on certificate must see that sureties on supersedeas are correctly named in transcript.**

Where names of sureties on supersedeas bond are incorrectly shown by transcript in appellate court and respondent has judgment affirmed on certificate without correcting transcript, he must be *held* responsible for the mistakes.

5. **Appeal and error ⬥659(1)—Respondent, desiring affirmance on certificate, can correct transcript by certiorari.**

Where respondent is entitled to affirmance on certificate, he has right to correct any mistakes in the transcripts by writ of certiorari.

6. **Appeal and error ⬥1241—Defendant in error, promising to bid full amount of judgment and relieved from executing certain bond on faith thereof, held estopped from bringing action on supersedeas bond.**

Where defendant in error offered to bid the full amount of the judgment if court would relieve it from executing certain bond, and the court relieved it from executing the bond, but defendant in error failed to bid the full amount of judgment, it might not thereafter bring suit for the deficiency on the supersedeas bond.

7. **Appeal and error ⬥1246—Defendant in error, who promised to bid full amount of judgment and was relieved from executing bond on faith thereof, had burden of showing he was not estopped to sue on supersedeas bond.**

In suit against plaintiff in error and sureties on supersedeas bond, where it appeared that defendant in error had promised to bid the full amount of the judgment on the sale of property seized if appellate court would relieve it from executing a certain bond, and appellate court had relieved it from executing bond on faith of promise and that defendant in error had failed to bid amount promised, burden was on it to show that it was not estopped on ground that plaintiff in error and sureties were not injured and were not misled.

8. **Appeal and error ⬥1241—Defendant in error's offer to bid sufficient to pay judgment, which was alleged to work estoppel against suit on appeal bond, held not conditioned on sale on day advertised.**

In suit against plaintiff in error and sureties on supersedeas bond, where defendant in error was alleged to be estopped because it had offered to bid sufficient on sale of property to pay judgment if court would relieve it from furnishing certain bond, offer of defendant in error *held* not conditioned on sale of property on date advertised by sheriff, this date having gone by before offer was made.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Suit by the Holland Texas Hypotheek Bank of Amsterdam, Holland, against John H. Broocks and others. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

See, also, 263 S. W. 1079, 266 S. W. 183.

Nall, King & Jackson, of Beaumont, for appellant.

M. S. Duffie, E. E. Easterling, and E. W. Easterling, all of Beaumont, for appellees.

HIGHTOWER, C. J. The appellant, Holland Texas Hypotheek Bank of Amsterdam, Holland, filed this suit in one of the district courts of Jefferson county against appellees John H. Broocks, C. C. Goodwin, Thomas W. Blount, I. E. Roberts, J. B. Whitton, Sr., and P. W. Sublett, to recover a balance of $5,431.-21 claimed by appellant to be due on a'judgment. Appellant's suit is a common-law action upon a supersedeas bond in which appellee Broocks was the principal and the other appellees were his sureties.

Appellees answered by general demurrer, a number of special exceptions, several pleas in abatement, res adjudicata, and estoppel, the details of which it is unnecessary to state at this point.

The trial court to whom the case was tried without a jury overruled the demurrer and all exceptions interposed by appellees, as well as their pleas in abatement, and, after hearing the case upon the facts as adduced upon the trial, rendered judgment to the effect that appellant was not entitled to recover anything against any of the appellees, and they were allowed to go hence without day and recover of appellant their costs.

The facts upon which this litigation arose may be briefly stated, in substance, as follows:

On November 28, 1916, the appellee John H. Broocks executed in favor of appellant his promissory note for $10,000, bearing interest at the rate of 8 per cent. per annum, payable semiannually, and to become due 2 years after date. The note was afterwards extended for another year, but no part of it was ever paid by Broocks. To secure the payment of the note, Broocks and wife executed a deed of trust on two tracts of land in San Augustine county owned by Broocks, aggregating 663½ acres. Appellant brought suit in the district court of Jefferson county against Broocks on the note, and on April 10, 1922, judgment was rendered in favor of'appellant in that suit against Broocks for $12,292.60, principal, interest, and attorney's fees due on the note at that time, and also judgment was rendered in favor of appellant against both Broocks and his wife for foreclosure of the deed of trust lien securing the payment of the note. That cause was numbered 4004 on the docket of the district court, and we shall refer to it as cause No. 4004 hereinafter. From the judgment in that cause Broocks and wife sued out a writ of error to have the proceedings in that cause reviewed and revised by this court, and filed, along with their application for the writ, a supersedeas bond in the sum of $26,000 in favor of the Holland Texas Hypotheek Bank, and the sureties on that bond were C. C. Goodwin, Thomas W. Blount, I. E. Roberts, J. B. Whitton, Sr., and P. W. Sublett.

Broocks and wife never filed in this court a transcript in cause No. 4004, and after it was too late for them to do so Holland Texas Hypotheek Bank filed a motion in this court, accompanied by sufficient portions of the record in cause No. 4004, to have the judgment of the lower court in that cause affirmed on certificate. In due order this court granted that motion, and affirmed the judgment of the lower court in cause No. 4004 against Broocks and wife, and the sureties on the supersedeas bond, on certificate. In the motion to affirm on certificate and the record accompanying it, the names of two of the sureties on the supersedeas bond were incorrectly stated. The surety Thomas W. Blount was named as Thomas M. Blount, and the surety P. W. Sublett was named as M. W. Sublett. In other respects the names of the sureties were correctly stated. When the judgment of this court of affirmance on certificate was entered, it showed the names of the sureties as contained in the motion to affirm, and therefore misnamed the sureties Blount and Sublett. In other words, the judgment of this court of affirmance of certificate had the name of Blount, Thomas M. Blount, and the name of Sublett, M. W. Sublett.

After the mandate of this court in cause No. 4004 reached the district court for observance, the entry of the judgment in that court also named the surety Blount as Thomas M. Blount, and the surety Sublett as N. W. Sublett, and in addition to that mistake, the name of the surety Roberts, as stated in the judgment of the trial court after return of our mandate, as I. D. Roberts, instead of I. E. Roberts. No motion or proceeding of any kind was instituted by appellant in this or the trial court in cause No. 4004 to correct the mistake as to the name of any of the sureties on the supersedeas bond.

After the mandate of this court to the trial court and the entry of the trial court's judgment observing it, appellant caused an order of sale to be issued upon the judgment in cause No. 4004 against Broocks and wife and the sureties upon the supersedeas bond, commanding the sheriff of San Augustine county to sell the land of Broocks against which the deed of trust had been foreclosed, and the sheriff levied upon the same and advertised the same for sale on the first Tuesday in April, 1925. On March 24, 1925, Broocks and wife, C. C. Goodwin, J. B. Whitton, Sr., and I.

D. Roberts filed a suit in the Fifty-Eighth district court of Jefferson county against the Holland Texas Hypotheek Bank, Thomas W. Blount, I. E. Roberts, P. W. Sublett, and the sheriff of San Augustine county. That suit will be referred to hereinafter as the Goodwin suit. The purpose of that suit as shown by the petition of the plaintiffs, was to correct the mistake in the judgment of affirmance on certificate by this court as to the names of the sureties Sublett and Blount, and also to correct the same mistake in the judgment of the district court, which was misstated in the judgment of the district court. It was alleged by the plaintiffs in that case, in substance, that the supersedeas bond in cause No. 4004 was the joint obligation of all the sureties who signed the same, and that the judgment of affirmance on certificate by this court had misnamed them, and that the same mistake had been made in the judgment of the trial court observing this court's judgment, and that, being joint obligors on the supersedeas bond, the judgments should have properly named them so that they would bear their burden as cosureties with the plaintiffs in the Goodwin suit, Goodwin and Whitton; that it would be unjust and inequitable to the plaintiffs Goodwin and Whitton if they were compelled to bear the burden of looking after the sale of the Broocks land under the order of sale and to see that it brought enough to satisfy the judgment against Broocks; and they prayed, in substance, that the sale by the sheriff of the Broocks land as advertised be enjoined until the Goodwin suit could be reached and tried upon its merits and the names of their cosureties Sublett, Blount, and Roberts, on the supersedeas bond be correctly stated and judgment entered against them along with the plaintiffs Goodwin and Whitton. This petition for injunction was presented to Hon. George C. O'Brien, Judge of the Fifty-Eighth Judicial District, and he granted a temporary injunction as prayed for.

Thereafter, on March 31, 1925, appellant here, Holland Texas Hypotheek Bank, filed its answer in the Goodwin suit, in which a general demurrer and a number of special exceptions were interposed to the petition of the plaintiffs in that cause, and, in addition, as a ground for dissolving the injunction, the Holland Texas Hypotheek Bank alleged in its answer that if the judge of the district court would dissolve the temporary injunction in the Goodwin suit and permit the land of Broocks to be sold by the sheriff as advertised, it was willing to bid, and would bid, at the sheriff's sale a sufficient amount for the land to satisfy the judgment it held against Broocks for the principal sum, interest, and all costs of suit, and that it was willing to and would enter into any amount of bond that the trial court might require that it would bid the full amount of its judgment against Broocks in the event the sheriff should be permitted to sell the land, and that it would protect from any and all liability and damages the sureties on the supersedeas bond, whether they were properly named in the several judgments thereon or not. In connection with this answer, Holland Texas Hypotheek Bank filed its motion to dissolve the temporary injunction, and, after hearing the same, the motion was overruled and the temporary injunction kept in force, and from that order Holland Texas Hypotheek Bank prosecuted an appeal to this court. Our disposition of that appeal will be found reported in the case of Holland Texas Hypotheek Bank et al. v. Broocks et al., 263 S. W. 1079, to which reference is made for a full statement of the nature and purposes of the Goodwin suit.

This court held in the Goodwin suit, in its original opinion, that the trial judge was in error in refusing to dissolve his temporary writ of injunction in favor of Broocks and wife, because, as we held, our judgment of affirmance on certificate in cause No. 4004 against Broocks was severable from that part of the judgment against the sureties on the supersedeas bond, and that there was no reason shown by the record why the injunction should have been granted or kept in force in favor of Broocks. We then further held in the original opinion that, since the Holland Texas Hypotheek Bank had offered in its answer to enter into a bond that it would bid enough in the sale of the Broocks land to make it satisfy the judgment against Broocks in cause No. 4004, and that it would in all respects protect the sureties on the supersedeas bond from any liability or damages, the trial court was in error in refusing to dissolve the temporary injunction it had granted in favor of the sureties Goodwin and Whitton. We then ordered that the judgment of the trial court declining to dissolve the temporary injunction as to the sureties Goodwin and Whitton be also reversed, provided the Holland Texas Hypotheek Bank would execute a bond in the sum of $15,000 obligating it to bid the full amount of its judgment against Broocks and the sureties on the supersedeas bond in cause No. 4004 so as to protect and save from damages the sureties on the supersedeas bond. Thereafter Holland Texas Hypotheek Bank, supplementing its motion for rehearing in this court, stated, in substance, in its supplemental motion, that if this court would relieve it of the necessity of filing the bond as first required by this court to protect the sureties on the supersedeas bond, it was willing, and requested this court to affirm the judgment of the trial court in favor of the sureties Goodwin and Whitton, if this court thought that justice and equity required it, and thereby keep in force the injunction of the trial court in favor of them until the Goodwin suit could be tried and disposed of on its merits in the lower court. Acting upon this suggestion and request of

the Holland Texas Hypotheek Bank in the Goodwin suit, this court then relieved the Holland Texas Hypotheek Bank of the necessity of executing the bond that this court had first required, and affirmed the judgment of the trial court granting and sustaining the temporary injunction in favor of the sureties Goodwin and Whitton.

After our mandate in the Goodwin suit reached the trial court, appellant here, Holland Texas Hypotheek Bank, caused the sheriff of San Augustine county to proceed with the sale of the Broocks land, and at the sale the Holland Texas Hypotheek Bank was the purchaser of the land on its bid of $10,000, and after all costs of the proceedings in that suit were paid there was a balance of the proceeds of the sale amounting to $9,812, and this amount was credited upon the bank's judgment. The sheriff afterwards, in due time, made a deed to Holland Texas Hypotheek Bank conveying to it the Broocks land. It is upon these facts that this judgment against the sureties of Broocks on his supersedeas bond in cause No. 4004 rests. The Holland Texas Hypotheek Bank now insists that it should have judgment against these sureties in its common-law action in this case for $5,431.21, with interest on that amount from April 7, 1925, at the rate of 8 per cent. per annum.

Learned counsel for appellant have advanced quite a number of assignments of error in their brief, with relevant propositions, attacking the judgment of the trial court in this cause, but since it would serve no useful purpose to discuss them, with the exception of two of them, we shall decline to do so.

[1, 2] The trial judge filed no formal findings of fact or conclusions of law, and the record therefore does not reflect the reasons of the trial court in denying appellant any recovery. We think, however, that the trial court's judgment may be and ought to be sustained upon two grounds. In the first place, we think that the defense of estoppel by election of remedies interposed by the appellees in this case was good and properly sustained by the trial court. We concede that learned counsel for appellant are correct in their contention here that a common-law action upon an appeal bond against the principal and the sureties therein named may be prosecuted, as was attempted here, and the authorities cited by counsel for appellant fully sustain that contention. In other words, it was optional with appellant to proceed upon the supersedeas bond in the summary and expeditious manner in which it did, when it had this court to affirm the judgment of the trial court in cause No. 4004 on certificate as against the principal and his sureties on the supersedeas bond, or appellant had the right to decline to ask summary judgment upon the supersedeas bond, as it did, and to thereafter proceed in a common-law action upon the

bond, but both such remedies were not open to appellant; that is to say, it could not prosecute its judgment in the manner in which it did, and thereafter bring an independent common-law action upon the same bond against the sureties. The two remedies were distinct and inconsistent, and one of them having been prosecuted to judgment by appellant, its election in that regard was conclusive, and estops it from now prosecuting this common-law action upon the bond.

[3] But counsel for appellant contend, in substance, that although one may have two or more distinct and inconsistent remedies and may proceed to prosecute one of them, still he would have the right to dismiss the prosecution of the remedy first selected and to proceed by another remedy, if he deemed it proper. We concede the soundness of this proposition, but it does not control the facts of this case. Appellant has not dismissed any prosecution of the first remedy selected by it in this case. It prosecuted to judgment by asking affirmance on certificate of the judgment in 4004, the summary and expeditious remedy that it had against the sureties on the supersedeas bond in that case.

[4] It is true, as we have shown, the names of some of the sureties were incorrectly stated in the judgment, but the others were correctly stated, and it was a final judgment in the sense in which that term is used in connection with the defense of election of remedies, and this is so whether the obligation of the sureties on the supersedeas bond was several or joint, or both. Certainly, it could not be plausibly contended that the judgment of affirmance on certificate was not final as to the sureties Goodwin, Roberts, and Whitton. They were all correctly named in the judgment on certificate in this court. As we have stated, no motion or proceeding of any character was instituted by appellant here or below to correct the mistake as to the other two sureties, but the judgment stands and has become final as entered. And now appellant, after having elected to proceed in the summary manner it did, brings another suit against all the sureties on the same obligation that it prosecuted and obtained the judgment of this court on, as before shown. No useful purpose would be served by entering into a discussion of the doctrine of election of remedies. The authorities in the different jurisdictions are not uniform on the question, and for a long time the holdings of our own appellate courts were unsatisfactory and at times in conflict. In this case, however, we hold that when appellant invoked the action of this court and asked for affirmance on certificate of the judgment in cause 4004 against Broocks and his sureties on the supersedeas bond, which was granted and became final, it must be held to have elected a remedy which was open and adequate to it for the collection of its debt against

Broocks, and is now estopped and barred from prosecuting another independent suit upon the same cause of action. If it be true, as suggested by counsel for appellant, that the mistakes in the names of the sureties on the supersedeas bond, as shown by the transcript in this court in cause No. 4004, appellant is responsible for those mistakes. It was its duty to see that the proper record of the proceedings below was brought to this court as a basis for a proper judgment of affirmance on certificate.

[5] Appellant also had the right to correct by the writ of certiorari any mistakes that appeared in the transcript in this court in that cause, but it failed to do so, and it failed to take any steps in the lower court to correct the judgment after the mandate of this court was returned.

[6] We also hold in this case that the action of appellant in this court in the Goodwin Case estops it from prosecution of this action. It was said in this court, in effect, on appeal in the Goodwin Case, which is a matter of record, that it was not concerned about collecting its judgment against Broocks against its sureties in cause 4004, but was only after Broocks himself and the right that it claimed to sell the land for its debt, and stated to this court, in writing, that if this court deemed it right and proper to affirm the judgment in favor of the sureties on that appeal, it was willing for the court to do so if the court would relieve it of the necessity, as we had first ordered, of executing a bond to save the sureties harmless. We accepted this suggestion and offer of appellant and entered our order and judgment accordingly, affirming, as we have shown, the judgment of the trial court granting the injunction in favor of the sureties Goodwin and Whitton, thereby holding that they were entitled to have the injunction remain in effect until they could prosecute to final judgment the Goodwin suit in the trial court. That judgment and order of ours became final, and is still in effect, and will remain so until the Goodwin suit is finally disposed of on its merits. After the Goodwin appeal was finally disposed of by this court, appellant, as we have shown, caused the Broocks land to be sold for much less than was due upon its judgment, and instead of bidding enough in the sheriff's sale, as it had offered to do, to make the land pay its debt, it bid only $10,000, and as we have shown,

after the costs of the proceeding were paid out of the proceeds there was only $9,812 left, which was credited upon appellant's judgment, leaving Broocks' sureties upon the supersedeas bond with a balance against them, as claimed by appellant, of $5,431.21, and appellant now asks for that and interest on that amount from April 7, 1925.

[7] The only answer that counsel for appellant make to the contention of appellees on this point is; in substance, that there is nothing in the evidence to show that the appellees, sureties here, were injured in any way by the failure of appellant to bid enough on the land to make it pay its judgment. They argue that appellees did not plead here nor prove that they would have bid anything on the land, or that they were misled by relying upon appellant's promise to make the land bring enough to pay its judgment. We think that instead of the burden of proof being upon the appellees in this connection, if this contention of counsel for appellant be correct, such burden rested upon appellant. It seems to us that appellees had a right to assume, after the solemn promises made by appellant in this matter, that it would see that the Broocks land brought enough to pay its judgment.

[8] Counsel for appellant contend further, however, in this connection, that the offer that they made in the Goodwin Case to make the land bring a sufficient amount to pay its judgment was only a conditional offer; that is, that they offered to bid the necessary amount to save the sureties from liability, provided the sheriff of San Augustine county should be permitted to sell the land on the date that he advertised it for sale, and that its promise extended no further. As a matter of fact, as we considered it, the same insistence was made on appeal of that case to this court, and it was not conditioned upon the sheriff's selling the land as advertised at that time, because it would have been impossible while the case was pending here on appeal long after the date for which the same was advertised, for the sheriff to have sold the land as advertised. We hold with counsel for appellees in this cause, that appellant is estopped by its action and conduct, as shown by the record in the Goodwin suit, to prosecute this action against the sureties of Broocks on the appeal bond in cause 4004.

These conclusions result in an affirmance of the trial court's judgment.