## J. G. A. FRANK v. Thomas E. GAFFNEY.
### No. 2606.

Court of Civil Appeals of Texas. El Paso.
Feb. 4, 1932.

Rehearing Denied March 3, 1932.

T. H. Cody, Fulbright, Crooker & Freeman, and W. B. Bates, all of Houston, for appellant.

W. P. Hamblen, Geo. D. Sears, and Williams, Lee, Hill, Sears & Kennerly, all of Houston, for appellee.

PELPHREY, C. J.

This is the second appeal in this case. See 2 S.W.(2d) 885.

Upon the last trial an instructed verdict was again returned in the defendant's favor after the evidence of both sides had been given.

The amended petition upon which the trial was had does not materially differ from the one stated in the opinion rendered upon the former appeal. We refer to that opinion for statement of the transaction between the parties out of which the controversy arises.

The propriety of the peremptory charge is the only question presented for review.

The evidence shows beyond dispute that no profits had been realized out of the enterprise in which the parties engaged up to the date of trial. Nearly all of the parties to whom appellant had made sales, under executory sales contracts, had defaulted and the lots surrendered to appellee. It is true a few lots remain unsold, but it is wholly uncertain and conjectural whether any profit will ever be eventually realized out of the enterprise, and, if so, how much.

The evidence failing to disclose any profits upon the sales heretofore made, it was incumbent upon appellant to show with reasonable certainty of proof that the lots remaining unsold could be sold and a profit made and the amount of such profit likewise shown with reasonable certainty. Upon an examination of the evidence we think it fails to measure up to that decree of certainty which the law requires, and leaves the question of both possible future profits and the amount thereof uncertain and conjectural. Upon this view it follows the charge was properly given.

Affirmed.

## C. A. TANBERG et al., Plaintiffs in Error, v. Linnie E. MULLINS, Defendant in Error.
### No. 8742.

Court of Civil Appeals of Texas. San Antonio.

Feb. 10, 1932.

Rehearing Denied March 16, 1932.

Greenwood & Lewis, of Harlingen, for plaintiffs in error.

Abney & Whitelaw, of Brownsville, for defendant in error.

SMITH, J.

This action was brought by Linnie E. Mullins against C. A. Tanberg and wife, Thea J. Tanberg, to recover the amount of a promissory note executed by the Tanbergs, and to foreclose a mechanic's lien given by them to secure said note. Upon a trial judgment was rendered as prayed for, including a personal money judgment against Mrs. Tanberg, conceded to be a married woman. The Tanbergs have prosecuted writ of error.

Plaintiffs in error filed no assignments of error in the court below, and prosecute their writ of error upon an unassigned error in which it is contended that the trial court committed fundamental error in rendering a personal money judgment against Mrs. Tanberg, a married woman. Defendant in error concedes in oral argument that to the extent urged by plaintiffs in error the judgment was erroneous, and fundamentally erroneous, as it is. Red River Nat. Bank v. Ferguson, 109 Tex. 287, 206 S. W. 923. Accordingly, the judgment will be reversed in so far as recovery upon the note in question was decreed against plaintiff in error Mrs. Tanberg, and judgment will be here rendered that defendant in error recover no money judgment against said plaintiff in error. In all other respects the judgment will be affirmed, with the costs of appeal taxed against defendant in error.

Defendant in error has filed motion to affirm, with 10 per cent. damages for delay, which motion must be denied.

Reversed and rendered in part, and affirmed in part.