## JEFFUS et al. v. MULLINS.
### No. 9519.

Court of Civil Appeals of Texas.
San Antonio.
Feb. 13, 1935.

Greenwood & Lewis, of Harlingen, for appellants.

Abney & Whitelaw, of Brownsville, for appellee.

BICKETT, Chief Justice.

This appeal by George Jeffus and G. M. Albertson from a judgment rendered in favor of Linnie E. Mullins, a feme sole, in an action brought by her upon a supersedeas bond executed by them in a former cause, presents a controlling issue as to election of remedies.

The bringing of this action followed a final judgment on appeal in a suit instituted by Linnie E. Mullins against C. A. Tanberg and wife, Thea J. Tanberg. In that case, the plaintiff recovered judgment in the district court against both of the defendants for the amount of a promissory note executed by them, and for the foreclosure of a mechanic's lien on real property. On appeal, the judgment was reversed and rendered in favor of Mrs. Tanberg with respect to the money judgment, and was affirmed in all other respects. Tanberg v. Mullins (Tex. Civ. App.) 46 S.W. (2d) 1119. Shortly thereafter, the Court of Civil Appeals, upon motion of Linnie E. Mullins, entered its judgment, which became final, against Tanberg as well as the sureties on the supersedeas bond, G. W. Albertson and George Jeffers, thus naming them as they were named in the motion and in the transcript. A year and a half later, Linnie E. Mullins filed in the Court of Civil Appeals a motion, which was supported by a certified copy of the supersedeas bond and by affidavits of the clerk and the attorney, showing that the true names of the sureties were G. M. Albertson, instead of G. W. Albertson, and

George Jeffus, instead of George Jeffers, and praying the reformation of the judgment so as to show the correct names of those persons. That motion was overruled on October 11, 1933. Then followed this common-law action by Linnie E. Mullins upon the bond, seeking to recover from George Jeffus and G. M. Albertson, as sureties, the deficiency of $1,236.36 upon the original judgment.

The district court held, in effect, that the proceeding in the former case in the Court of Civil Appeals, seeking to amend the judgment of that court so as to allow a recovery against G. W. Albertson and George Jeffers, as sureties, did not constitute an election of remedies to the prejudice of this action upon the bond. The court, accordingly, rendered the judgment, here presented for review, against the sureties by their true names for the amount of the deficiency with accrued interest.

█ On affirmance by the appellate court of a judgment, from which the appeal was perfected by the filing of a supersedeas bond, the prevailing party is entitled to proceed by motion in the appellate court to cause judgment to be entered against the sureties on the bond or he may bring a common-law action against the sureties on the bond. Article 1857, Revised Civil Statutes of Texas (1925); Holland Texas Hypotheek Bank v. Broocks (Tex. Civ. App.) 297 S. W. 1070; Blair v. Sanborn, 82 Tex. 686, 18 S. W. 159; Trent v. Rhomberg, 66 Tex. 249, 18 S. W. 510; Burck v. Burroughs, 64 Tex. 445.

██ The prevailing party on appeal, entitled to enforce the liability of sureties on a supersedeas bond by which the appeal was perfected, makes an election of remedies by obtaining on his own motion the entry of a valid judgment in the appellate court against one or more of the sureties on the bond, and thereby precludes himself from thereafter instituting a common-law action against the sureties on the bond. Holland Texas Hypotheek Bank v. Broocks, supra. After the rendition of the judgment on appeal against Tanberg alone, it was upon the motion of Linnie E. Mullins that the Court of Civil Appeals entered its judgment against George Jeffers and G. W. Albertson, as their names were shown in the motion and in the transcript. That may have been a valid judgment against George Jeffus under the application of the rule of idem sonans, although that question is not necessary to be decided now and will be raised only in the event he should attempt to restrain the levy of execution upon his property under the original judgment. It was unquestionably a valid judgment against G. M. Albertson under the settled rule of law that, when two or more names or initials are used preceding the surname to designate a person, the middle name or initial will be disregarded. McKay v. Speak, 8 Tex. 376; Hill v. State, 103 Tex. Cr. R. 580, 281 S. W. 1071; Bowlin v. Freeland (Tex. Civ. App.) 289 S. W. 721; Gould v. State, 94 Tex. Cr. R. 18, 252 S. W. 772. In the Gould Case, it was held unnecessary to amend a judgment nisi against "P. N. Gifford," forfeiting a bond executed by "P. W. Gifford," or the scire facias issued on such judgment, in order to render a final judgment against "P. W. Gifford." Thus, this case is precisely similar to Holland Texas Hypotheek Bank v. Broocks, in which a writ of error was refused by the Supreme Court. In that case the court said (297 S. W. 1070, loc. cit. 1073): "It is true, as we have shown, the names of some of the sureties were incorrectly stated in the judgment, but the others were correctly stated, and it was a final judgment in the sense in which that term is used in connection with the defense of election of remedies, and this is so whether the obligation of the sureties on the supersedeas bond was several or joint, or both. * * * In this case, however, we hold that when appellant invoked the action of this court and asked for affirmance on certificate of the judgment in cause 4004 against Broocks and his sureties on the supersedeas bond, which was granted and became final, it must be held to have elected a remedy which was open and adequate to it for the collection of its debt against Broocks, and is now estopped and barred from prosecuting another independent suit upon the same cause of action."

The judgment of the district court is reversed, and judgment is here rendered that appellee take nothing by her suit against appellants, and that all costs be taxed against appellee.