HARRISON et al. v. BARNGROVER et al.

No. 3296.

Court of Civil Appeals of Texas. Beaumont.

May 19, 1938.

Rehearing Denied June 15, 1938.

Chas. C. McRae, of Houston, E. E. Easterling, of Beaumont, Llewellyn & Dougharty, of Liberty, and W. D. Gordon, of Beaumont, for appellants.

E. B. Pickett, Jr., of Liberty, and Orgain, Carroll & Bell, and D. E. O'Fiel, all of Beaumont, for appellees.

WALKER, Chief Justice.

After the entry of our order in Harrison v. Barngrover, 72 S.W.2d 967, dissolving the temporary writ of injunction, appellants presented their application to the judge who tried the case, after the adjournment of the term of court at which the case was tried, asking him to fix the amount of a supersedeas bond to be executed by them. The judge fixed the amount of the bond at $10,000. Appellants executed the bond and filed it with the clerk of the district court of Liberty County; the bond contained the following material provisions: "Whereas, said judgment further provided that the sum of $52,391.25 in the Registry of the Court and deposited with the Clerk should be paid over and delivered by the Clerk of the Court to the defendants therein named, specifying the amounts respectively so allotted and ordered to be paid over to them;" and third, that the judgment had been appealed from; and fourth, "Whereas, it is the desire of the plaintiffs in said cause to supersede the execution of said judgment by a writ of supersedeas, and the Honorable Thomas B. Coe, Judge of said District Court, has fixed the sum of Ten Thousand ($10,000.00) Dollars as the amount of bond required of said plaintiffs (Appellants), to supersede the said order and judgment of the court authorizing the payment of said sums of money to the defendants (Appellees).

"Now, Therefore, Know all men by these presents: That we, (naming the defendants) acknowledge ourselves bound to pay unto Mason Barngrover, (naming the plaintiffs) the sum of Ten Thousand ($10,000.00) Dollars, well and truly to be made. Conditioned, however, that the said Appellants shall prosecute their appeal with effect, and in case the judgment of the Supreme Court, or the Court of Civil Appeals shall be against them, they shall perform its judgment, sentence or decree, and pay all such damages as said court may award against them; and pay to the appellees the value of the rent or hire of such property in any suit which may be brought therefor."

Appellants made their application to the trial court with the intention of filing a supersedeas bond; the court made his order to effectuate that intent; and in good faith appellants filed their bond as a supersedeas bond; when the bond was filed, the appellees in Harrison v. Barngrover treated it as a supersedeas bond, and made no demand upon the clerk of the district court of Liberty County for the payment of their pro rata part of the fund deposited in court by the Humble Oil and Refining Company. On submission of Harrison v. Barngrover on its merits, this court affirmed the judgment of the lower court, but made no order on appellants' supersedeas bond. Harrison v. Barngrover, Tex.Civ.App., 72 S.W.2d 971, 972. After the writ of error was denied by the Supreme Court, and appellants' application for writ of certiorari refused by the Supreme Court of the United States, 294 U.S. 731, 55 S.Ct. 639, 79 L.Ed. 1260, our mandate was issued to the district court of Liberty County on the 12th day of April, 1935. After the return of the mandate appellees were paid the money awarded them by the judgment.

On the 6th day of March, 1936, the appellees in Harrison v. Barngrover, except those who by agreement of the parties had been paid the money awarded them in that case, instituted this suit in the district court of Jefferson County against the appellants in that case, the makers of the supersedeas bond, and their sureties, praying for judgment as for the detention of

money from the entry of the original judgment until appellees were paid the money on the return of the mandate from this court, together with interest on their damages. On trial to the court without a jury judgment was entered in favor of appellees, George A. Barngrover, in his individual capacity, George Barngrover Trust Estate, acting through George A. Barngrover, A. J. Hartel, Jr., and David E. O'Fiel, Trustees, and Mrs. W. P. Wallace, a feme sole, the Minor Oil Company, a corporation organized under the laws of the State of Texas, Will E. Orgain, J. L. Younger, F. J. McNellie, R. R. Hobson, J. M. Hutchinson, D. P. Perkins and T. F. Cruse, against appellants, W. D. Gordon, D. J. Harrison and Chas. C. McRae, as principals, and Marrs McLean and August E. Borsum, as sureties, for the sum of $4,214.47 together with interest at six (6%) per cent. per annum from the 24th day of May, 1937, the date of the judgment; and in favor of appellee, Mrs. Tina Allen Frugia Johnson, against appellants for the sum of $284.76, with interest from date of judgment at six (6%) per cent per annum. Appellant Harrison was given judgment against appellant Gordon on his cross action for the sum of $4,499.23, or such part of that sum as he might be required to pay to satisfy the judgment awarded appellees.

From the judgment against them appellants have duly prosecuted their appeal to this court on the following points:

■ (1) The order made by the trial judge *after the adjournment of the term of court,* fixing the principal amount of the supersedeas bond was void. This contention is denied by Cisco Independent School District v. Dudley, Tex.Civ.App., 53 S.W. 2d 639.

■ (2) The bond was not good as a statutory bond because not in double the amount of the money deposited in court by Humble Oil and Refining Company. Appellants invoke Art. 2270, Vernon's Ann. Civ.St., "An appellant or plaintiff in error, desiring to suspend the execution of the judgment may do so by giving a good and sufficient bond to be approved by the clerk, payable to appellee or defendant in error, in a sum at least double the amount of the judgment, interest and costs, conditioned that such appellant or plaintiff in error shall prosecute his appeal or writ of error with effect; and in case the judgment of the Supreme Court or the Court of

Civil Appeals shall be against him, he shall perform its judgment, sentence or decree, and pay all such damages as said court may award against him", not Art. 2270, but Art. 2271, "Where the judgment is for the recovery of land or other property, the bond shall be further conditioned that the appellant or plaintiff in error shall, in case the judgment is affirmed, pay to the appellee or defendant in error the value of the rent or hire of such property in any suit which may be brought therefor", regulates the amount of a supersedeas bond on the facts of this case: We had this very point before us in our decision on the temporary writ of injunction in Harrison v. Barngrover, supra. We there held that the amount of the bond was to be fixed by the trial court; we said, accepting as sound appellants' proposition as advanced on that appeal (72 S.W.2d page 970):

"We agree with appellants that, they being the unsuccessful parties in the suit, and the judgment against them not being one for a certain sum of money to be made out of their property by execution, nor for property in their possession, they were not required, in order to suspend the execution of the judgment pending their appeal, to give a supersedeas bond in double the sum of money sued for, for the execution of such bond, in our opinion, would not make appellants liable for the safe-keeping of the funds involved pending the appeal, nor the guarantors of same for the benefit of appellees, but, as in the case of Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S. W. 326, 330, and Yett v. Cook, 115 Tex. 175, 268 S.W. 715, 721, 281 S.W. 843, and Ætna Club v. Jackson (Tex.Civ.App.) 187 S.W. 971, and Lawler v. Wray (Tex.Civ. App.) 8 S.W.2d 524, where such are the facts, and the appellant desires to suspend a judgment pending appeal, he has the right to and is required to have the court fix the amount of the supersedeas bond and duly execute same."

■ What we have said on this point is in due recognition of appellants' proposition that the trial court has power to fix the amount of a supersedeas bond only in the event the amount is not fixed by Art. 2270. Hill v. Halliburton, 32 Tex.Civ.App. 21, 73 S.W. 21; Houtchens v. Mercer, 119 Tex. 244, 27 S.W.2d 795.

■ (3) Appellants can have no relief under their proposition that no demand was made by appellees upon the district court

of Liberty County after appellants filed their supersedeas bond. The bond was good as a supersedeas bond, and after its execution the clerk was without authority to pay the money to appellees. The judgment had been superseded, and a demand would have been an idle gesture.

■ (4) Appellants are wrong in their contention that appellees cannot maintain an independent suit on the bond. In Jeffus v. Mullins, Tex.Civ.App., 78 S.W.2d 1023, the court said (page 1024):

"On affirmance by the appellate court of a judgment, from which the appeal was perfected by the filing of a supersedeas bond, the prevailing party is entitled to proceed by motion in the appellate court to cause judgment to be entered against the sureties on the bond or he may bring a common-law action against the sureties on the bond. Article 1857, Revised Civil Statutes of Texas (1925); Holland Texas Hypotheek Bank v. Broocks (Tex.Civ. App.) 297 S.W. 1070; Blair v. Sanborn, 82 Tex. 686, 18 S.W. 159; Trent v. Rhomberg, 66 Tex. 249, 18 S.W. 510; Burck v. Burroughs, 64 Tex. 445."

■ (5) Appellants contend that the damages sued for do not fall within the conditions of the bond to pay appellees "the value of the rent or hire of such property ($52,391.25) in any suit which may be brought therefor." It is their contention that the bond must be strictly construed, and that, "rent and hire" do not include interest as damages for the superseded judgment. The rule of strict construction invoked by appellants' proposition does not control the construction of a bond. In Trent v. Rhomberg, 66 Tex. 249, 18 S.W. 510, our Supreme Court said (page 512); "The liability upon breach is not for the penalty, but for damages." In 7 Tex.Jur. 82 it is said:

"Bonds are construed in accordance with the rules governing the construction of written contracts, the cardinal rule being that the intention of the parties must be ascertained and given effect. * * *

"A bond will be construed so as to give effect to the intention of the parties and the objects to be attained, rather than to defeat such intention or object."

In Witherspoon Oil Company v. Randolph, 298 S.W. 520, our Supreme Court held that a supersedeas bond should be construed as other written contracts, saying (page 522):

"The court should, as far as possible, put itself in the place of the parties * * * and then from a consideration of the writing itself, its purpose, and the circumstances which conditioned its making endeavor to ascertain what they intended to agree to do—upon what sense or meaning of the terms they used their minds actually met. * * * That intention must be deduced not from specific provisions or fragmentary parts of the instrument, but from the entire agreement, because the intent is not evidenced by any part or provision of it, nor by the instrument without any part or provision, but by every part and term so construed as to be consistent with every other part and with the entire contract. * * * The actual intent of the parties when thus ascertained must prevail over the dry words, inapt expressions, and careless recitations in the contract, unless that intention is directly contrary to the plain sense of the binding words of the agreement."

■ As to the intent of appellants in making their application to the trial judge, his intention in making his order fixing the amount of the bond at $10,000, appellants' intention in executing and filing the bond, the intention of the clerk in accepting and filing the bond, and the intention of appellees in acquiescing in the execution and filing of the bond, there can be no question; it was, quoting the language of the bond, "to supersede the said order and judgment of the court authorizing the payment of said sums of money to the defendants (Appellees)." The bond accomplished the purpose for which it was executed; appellants were bound by the construction that all parties placed upon it; and, therefore, liable to appellees for the damages suffered by them by the filing of the supersedeas bond. Colorado National Bank v. Lester & Hazzard, 73 Tex. 542, 11 S.W. 626; Clay v. Richardson, Tex. Civ.App., 9 S.W.2d 413; 60 C.J. 1162.

(6) We quote as follows from appellants' brief:

"The judgment in Cause No. 7818, as above set forth, did not by its terms award a recovery against plaintiffs (these defendants) for any sum whatsoever, except court costs, and therefore such judgment cannot form the basis for a recovery by plaintiffs in the instant suit of interest on the sum of money awarded to defendants in said Cause No. 7818. It therefore becomes, and is, the duty of plaintiffs in the

instant suit, if they are to recover damages for the detention of the money involved in Cause No. 7818, to plead and prove such damages in the same manner that a cause of action for damages ex delicto. would be pleaded and provided in any other case. In other words, plaintiffs' cause of action, if any they have herein, does not arise out of the contract as such (for such contract, by its terms, does not include 'damages' other than such as may have been awarded by the Supreme Court or Court of Civil Appeals), but rather arises ·because of the detention of the money awarded to defendants in Cause No. 7818; and if plaintiffs are to be allowed a recovery herein, they must show that by reason of the detention of such money they have, in fact, been damaged; that is to say that, had such money not been detained, but had been paid to them as contemplated in the judgment in Cause No. 7818, they could and would have earned a definite income therefrom. Plaintiffs present no such pleading, nor have they made such proof."

█ The contention brought forward by this argument is denied. By the execution of the bond appellants "detained" in the hands of the clerk appellees' money. For the loss of the use of money "detained," our Jurisprudence fixes as a proper measure of damages, interest at the rate of six (6%) per cent per annum. 13 Tex.Juris. 260, 261; Baker v. Smelser, 88 Tex. 26, 29 S.W. 377, 33 L.R.A. 163; Watkins v. Junker, 90 Tex. 584, 586, 40 S.W. 11; Trent v. Rhomberg, supra; Sims v. Sinton State Bank, Tex.Civ.App., 238 S.W. 316. In the Baker Case our Supreme Court said (page 378):

"It would probably be more correct to say that that rate of interest is resorted to in order to measure the damages accruing from the loss of the use of the money."

█ (7) We sustain appellants' proposition that the judgment in favor of appellees was excessive. The court awarded judgment in favor of appellees on the amount of the money "detained" in the hands of the clerk from the 18th day of August, 1933, to the 12th day of April, 1935, the date the mandate issued from our court, with interest on the damages thus assessed to the date of the judgment. The supersedeas bond was not filed until the 23rd day of October, 1933, and damages for its breach began to run, not from the date of the judgment but from the date of the bond. Appellees are entitled

to interest on that sum at the rate of six (6%) per cent per annum from the 12th day of April, 1935, to the date of the judgment herein, the 24th day of May, 1937.

█ The evidence does not support the contention of appellant Harrison that his name was signed to the supersedeas bond without his authority. As his attorney in the litigation Judge Gordon had the power to make him a party to the execution of the supersedeas bond. Real Estate Land T. & T. Co. v. General Missionary Society, Tex.Civ.App., 111 S.W.2d 1196; McAlpin v. Finch, 18 Tex. 831.

The judgment of the lower court is reformed, and as reformed. affirmed.

## On .Rehearing.

█ By their motion for rehearing, appellees challenged our conclusion that the judgment of the lower court was excessive; they make the point that we are without jurisdiction to consider, on this point, appellants' proposition of fundamental error. Article 2211, Vernon's Ann.Civ.St. reads:

"The judgments of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity."

On the following statement from appellees' brief, it is made to appear that the judgment of the lower court did not conform to the pleadings and the evidence, in that on the statement made by appellees the judgment was excessive:

"The judgment in the District Court of Liberty County became a final judgment for which appellees may have had their execution except for the appeal, on the 18th day of August, 1933. The enforcement of the judgment was suspended until April 12, 1935 upon which date the mandate of this court issued, it being the earliest date that same could be issued. By reason of the action of appellants, appellees were out their money one year, seven months and twenty-four days."

█ On the statement made by appellees it appears that interest was charged against appellants from the date of the judgment and not from the date of the supersedeas bond. They were entitled to interest only from the date of the supersedeas bond. As this point was not called to the attention of the lower court, the costs

of the appeal will be taxed against appellants. See 10 Texas Digest, subject, Costs,

Motions for rehearing by all parties are overruled.