## MULLINS v. ALBERTSON et al.
### No. 10654.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 17, 1940.

Rehearing Denied Feb. 7, 1940.

Brown & Criss, of Harlingen, for appellant.

P. G. Greenwood, of Harlingen, for appellees.

MURRAY, Justice.

This cause in its various phases has been before this Court several times. See Tanberg v. Mullins, Tex.Civ.App., 46 S. W.2d 1119; Jeffus v. Mullins, Tex.Civ. App., 78 S.W.2d 1023.

The case at bar is a suit by Linnie E. Mullins against G. M. Albertson and others for the purpose, among other things, of having an alleged abstract of judgment lien foreclosed against certain real property alleged to belong to G. M. Albertson.

The alleged abstract of judgment lien is one attempted to be created by recording the judgment rendered in this Court in Tanberg v. Mullins, 46 S.W.2d 1119, against the sureties on the supersedeas bond given by Tanberg and wife in said cause, such sureties' names appearing in that record as G. W. Albertson and George Jeffers, while their true names, as signed to the supersedeas bond, were G. M. Albertson and George Jeffus. An attempt was made in this Court by motion duly made to have these names corrected, but such relief was refused upon the ground that the court was bound by the record.

Thereafter suit was filed in the district court of Cameron County seeking judgment on the supersedeas bond against G. M. Albertson and George Jeffus, which relief was granted by the trial court, but upon appeal to this Court we held, in effect, that Mrs. Mullins having elected to have judgment rendered in this Court over and against the sureties on the supersedeas bond, could not also have the common law remedy of a suit against such sureties in an independent suit. We also held that the mistake in the middle initial of Albertson was immaterial, in the following language: "It was unquestionably a valid judgment against G. M. Albertson under the settled rule of law that, when two or more names or initials are used preceding the surname to designate a person,

the middle name or initial will be disregarded." [78 S.W.2d 1024.]

The judgment was reversed and judgment there rendered that Mrs. Mullins take nothing by reason of her suit.

In the suit at bar the trial court sustained a plea in abatement and dismissed the suit, from which judgment of dismissal Linnie E. Mullins has prosecuted this appeal.

Appellant first contends that an abstract of judgment which names G. W. Albertson as a defendant creates a lien against land belonging to G. M. Albertson, when the identity of the parties is shown. We sustain this contention and adhere to our holding in Jeffus v. Mullins, 78 S.W.2d 1023, to the effect that the middle initial may be disregarded. Especially is this true where the identity of the parties is fully established.

The clerk in abstracting and indexing the judgment complied with every requirement of the statutes, Art. 5447, R.C.S. 1925; the only trouble being that G. M. Albertson was described in the judgment as G. W. Albertson, and it is clear from the record that G. M. Albertson and G. W. Albertson is one and the same person. In others words, Albertson is given the same initials in the abstract of judgment as he was given in the judgment and, therefore, the only question presented is the question of the identity of the land owner and the defendant in the judgment.

It appears from this record that G. M. Albertson was the owner of the land involved herein, but for the very purpose of avoiding the judgment against him he had executed a deed to John Fedor and Fedor had executed a pretended mortgage on such land. Under these facts appellant was entitled to maintain this suit to foreclose her lien against this land and the trial court erred in sustaining a plea in abatement to the cause of action.

In view of another trial, we refrain from discussing the question as to whether or not the failure to include the names of all the defendants in the order of sale would render the sale thereunder void or voidable and whether or not G. M. Albertson has timely raised the question. Such matters cannot properly be raised by a plea in abatement but will no doubt be heard and determined when the cause is disposed of on the merits. We feel that the case is not fully developed upon these questions.

The judgment is reversed and the cause remanded.